Dakota Loan & Trust Co. v. County of Codington *et al.*

1. The valuation of property as fixed by the city assessor was reduced by the city counsel, acting as a board of equalization, as provided by law; but such equalization was not completed until after the assessor had returned a duplicate of the assessment roll as made by him to the auditor, and the county board had made the levy of taxes thereon. *Held*, that the true value of the property for purposes of taxation was that fixed by the board of equalization, and the owner could not be compelled to pay taxes on a greater valuation.

2. The duplicate assessment roll required by law to be filed by a city assessor with the county auditor, and upon which the county board acts in the levy of taxes, is the roll, after the changes made by the city council as a board of equalization, have been entered thereon; and any roll filed which does not contain the valuations as so fixed, is not in fact a duplicate of the legal assessment.

3. A property owner waives no rights by not appearing before the county board before such legal assessment has been completed.

4. A property owner who has tendered payment of the taxes due on his property, computed on its legal assessment, may maintain an action to enjoin a sale of the property for the purpose of collecting a void excess claimed.

(Opinion filed August 5, 1896.)

Appeal from circuit court, Codington county. Hon. J. O. Andrews, Judge.

Action to enjoin the sale of real property for taxes. Plaintiff had judgment and defendants appeal. Affirmed.

The facts are stated in the opinion.

*Lee Stover (C. X. Seward*, of counsel), for appellants.

An excessive valuation alone will not be sufficient to warrant the interference of a court of equity. Evans v. Gage, 1 Brdw. 202; Hotel Co. v. Lieb, 83 Ill. 602; Woodman v. Ely, 2 Fed. 839; Mesker v. Coch, 76 Ind. 68; Pillsbury v. Humphrey, 26 Mich. 245; Railroad v. York County, 7 Neb. 487; Board v. Elsben, 32 Ind. 27; Gas Co. v. January, 57 Cal. 614; 2 Desty on Taxation 657.

*Glass, Weeden & Hanten*, for respondent.

A return by the township assessor must show that the assessment roll was equalized before it is delivered to the county clerk. § 797, Comp. Laws. So must a return by a city auditor to a county auditor, where the city is incorporated under the general act. § 921 Id. See, also, Maxwell v. Paine, 30 Mich. 30; 18 N. W. 546.

HANEY, J. This is an action to enjoin the sale of realty for an amount of taxes alleged to be in excess of that properly chargeable against it, and to ascertain the amount so chargeable, which plaintiff is ready and willing to pay. It was tried by a referee, his report was accepted, and a judgment rendered in favor of defendant county for $955. Defendants were enjoined from attempting to collect any greater sum as taxes for the year 1889. The treasurer was directed to accept the sum found in full for the taxes of that year, and plaintiff recovered its costs and disbursements. A motion for a new trial having been denied, defendants appealed from the judgment alone.

At the trial the parties agreed to a statement as constituting all the facts at issue. This, with the admissions of the pleadings, determines the facts upon which the judgment rests, and exceptions to the referee's findings require no attention. There were no issues of fact submitted to him. The relevancy of no portion of the agreed statement having been questioned, the record stands as if the facts, as recited therein, had been conclusively proven, without objection. They are not substantially different from the allegations of the complaint. If they sustain the judgment the complaint is sufficient, and it will only be necessary to consider whether the court properly applied the law to the facts as established by the parties themselves. Such facts may be stated as follows: Plaintiff is a private corporation, organized and existing under the laws of this state, with its principal place of business at Watertown, in Codington county. The city of Watertown is a municipal corporation, created by and existing under an act of

the territorial legislature, passed and approved March 11, 1885. The government of such city is vested in a mayor and two aldermen from each ward, denominated the "city council," and in a clerk, assessor, board of education, and other officers. The city council has power to equalize all taxes and correct any error in the listing or valuation of property, and to supply any omissions in the same, with the same powers and duties therein as county commissioners have in similar cases. It is the duty of the city assessor, within the time required of county assessors by the laws of the state in each year, to cause to be listed and to assess all property, real and personal, within the limits of the city, taxable according to law, in the same form as nearly as practicable, as is provided for county assessors; and, for this purpose, he has the same power as a county assessor, with certain exceptions not material in this case. It is his duty on or before the first Monday in July, or within such time as may be required of county assessors, to prepare and deliver his assessment roll, verified and in form as provided in case of county assessors, to the city clerk, and a duplicate thereof to the county auditor, upon which the board of county commissioners levy the taxes for state and county purposes. The city council is required to meet on the third Monday in June of each year, or on a day fixed by them, as a board of equalization; and on the first Monday in September following, or at their next meeting by resolution, to levy the municipal taxes. In and during the year 1889, plaintiff was the owner of lot 14, block 9, original plat of Watertown, situate in Codington county, and within the corporate limits of the city of Watertown. In that year this property was assessed at the sum of $38,00°. On June 17th the city assessor completed his assessment, executed his return, and delivered a duplicate assessment roll to the city clerk, as required by law. On that day the city council met as a board of equalization, and adjourned from day to day until July 16th, when the equalization of property for that year was completed, all equalizing having

been done on the 14th, 15th and 16th days of July. On July 8th plaintiff appeared before the board, and asked that its assessment be reduced. The board, acting upon such request, on July 16th, reduced the assessment from. $38,000 to $25,000 On or before July 8th, the assessor delivered a duplicate assessment roll of said city to the county auditor, such roll containing the list of taxable property within said city for the year 1889, with the valuation thereon, as entered and returned by the city assessor. When this assessment roll was delivered to the county auditor, the city board of equalization had made no equalization of city property. On July 9th the county commissioners met as a board of equalization, and, on the 10th, having completed their labors as such board, and established the rate of levy for that year, adjourned. Neither the county board of equalization, nor defendant county, nor any of its officers, had notice or knowledge, until after the completion by the county board of its labors and final adjournment, that the property in the city of Watertown had not been duly and regularly equalized by its board of equalization prior to the return of the duplicate assessment roll to the county auditor, as required by law; nor had they notice or knowledge that plaintiff had ever applied to the city board for a reduction on the valuation of its property from the value thereof as returned by the assessor, or that the plaintiff was in any way dissatisfied with the value of such property as of record at the time it acted and completed its labors as a county board of equalization. The plaintiff made no appearance before the county board of equalization, and made no objection to the failure to act of the city board. The rate of levy for state, county and city purposes in 1889 was 38.2 mills on the dollar of assessed valuation. On February 25, 1889, and before this action was commenced, plaintiff tendered to defendant Phillips, treasurer of defendant county, $1,000, as the amount of taxes properly chargeable to its property, and it has since been ready and

willing to pay that sum; but the treasurer refused such tender, advertised the property for sale, and, when this action was commenced, threatened to sell the same, issue a certificate of sale, and thus cast a cloud upon plaintiff's title.

There is an evident error respecting the date of the tender. It should be February 25, 1890, in place of 1889, but this could not have affected any substantial right, and must be disregarded.    Comp. Laws, Sec. 4941.

The city council was authorized to equalize the city assessment.    It met on the day fixed by law, and adjourned from day to day until its labors were completed.    In this there was no irregularity of which defendants can complain.    The assessment roll should not have been delivered to the county auditor until after it was passed upon by the city board.    It is clearly the design of the city charter that the assessor shall present his assessment to the city board for its consideration; and, when it has acted, the equalized assessment shall be reported to the county by the delivery of one of the duplicate rolls.    The paper received by the county auditor was not the duplicate roll. A "duplicate" is "an original instrument repeated; a document which is the same as another in all essential particulars, and differing from a mere copy in having all the validity of an original."    Webst. Dict.    The duplicate rolls are to be first considered and corrected by the city board, and then one of them is presented to the county board; otherwise, as in this instance, the county board acts without reference to the city equalization. The ascertainment, by competent authority, of the taxable value of property, is an essential element of any valid levy. Such value was first fixed by the assessor.    Then upon request of plaintiff, the amount was reduced to $25,000.    This value has never been changed.    Assessment rolls and tax books are not always conclusive or infallible.    Divested of mere matters of form and phraseology, the substantial question is this:    What was the taxable value of plaintiff's property?    Upon what valuation should the levy have been computed?    It is not necessary

to decide whether the county board had power to equalize between individuals because it did not attempt to exercise such power. It did not change the valuation of the city board, because the record of the latter's action was not before it. There was no assessment of the city property before it when it was in session as a board of equalization, and plaintiff waived no rights by not appearing at such session. In plain language, the value of this property was lawfully fixed at $25,000. By mistake it has gone upon the tax books with a valuation of $38,000. The change was not the result of any one's intentional action. The city board, in fixing its value, exercised judgment and discretion. Its decision is not reviewable by the courts except upon appeal, and certainly cannot be modified by a mistake. This court will presume the value so ascertained is the true taxable value of the property, and plaintiff owes no obligation to pay taxes upon any amount in excess of that value. Computed upon that valuation, the state, county and city taxes amount to $955, the sum found by the court to be due from plaintiff. Having tendered the amount of its valid taxes—the amount it ought to pay—plaintiff was entitled to have defendants restrained from collecting the void excess. This view is not in conflict with Frost v. Flick, 1 Dak. 126, 46 N. W. 508. In that case the taxpayer sought to restrain the collection of what he ought to have paid. He sought to prevent the collection of taxes levied upon the true valuation of his property. Here the plaintiff seeks only to avoid the payment of taxes upon property which the taxing power itself has decided it does not possess. The county was offered all it was entitled to collect, all the plaintiff was under any obligation to pay. It refused the offer, and must now be content with a judgment for the amount it should have accepted. Payment of the valid portion was not required. A tender was sufficient. No principle of the law of injunctions is more firmly established than that requiring a taxpayer who seeks the aid of an injunction against the enforcement or collection of a tax to first pay or tender the

amount which is conceded to be legally and properly due. 1 High, Inj. § 497. Doubtless, plaintiff's indebtedness was not extinguished by its offer of payment, as it might have been by an immediate deposit with some bank of good repute (Comp. Laws, § 3475); but its offer operated to stop the running of interest, and to bring plaintiff within the equitable rule above quoted (Id. § 3477).

The order of the circuit court setting aside the tax sale, alleged to have taken place subsequent to the service of the temporary injunction, does not involve the merits, or necessarily affect the judgment. And cannot be reviewed upon this appeal. Comp. Laws, § 5237. If defendants desired to preserve the objection that a sale had taken place, and there were others who should have been made parties to the action, they should have presented such objection at the trial by proper averments and proof. They have been given the benefit of all, if not more, objections than they are entitled to urge upon the record before us. Finding no error, the judgment is affirmed.