BURNETT *et al* v. COSTELLO.

1. Comp. Laws, § 4909, provides that a defendant may demur to a complaint when it shall appear on the face thereof that there is a defect of parties. Section 4912 declares that, when such defect does not appear on the face of the complaint, the objection may be taken by answer. Section 4913 recites that, if no objection to such defect is taken by demurrer or answer, defendant shall be deemed to have waived it. A complaint, in an action to establish certain claims to decedent's property, alleged, in effect, that the parties were the only heirs of decedents. *Held,* that no defect of parties appeared on the

face of the complaint, and a defect thereof was not waived by objection being taken by answer.

2.  Comp. Laws, § 5312, declares that, if any person on whose life any estate in real ·property depends absents himself for seven years together, he may be accounted naturally dead, in any action or proceeding concerning such property in which his death shall come in question, unless sufficient proof be made of the life of such person. Certain relatives of the person alleged to be dead removed from their earlier homes to this state, and ceased to communicate with such person. There was evidence that such relatives, who were parties to the action, had not heard from him since their removal, over seven years before. There was no evidence that the person alleged to be dead ever absented himself from his former home. *Held,* that the evidence was insufficient to overcome the presumption of continuance of life and to account such person dead.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Lawrence county. HON. LEVI Mc-GEE, Judge.

Action brought by Mary Burnett and another against Annie I. Costello to establish claims to certain mining property for a partition and for an accounting. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

*Moody, Kellar & Moody,* for appellant.

Notwithstanding the provisions of Sec. 4830 Comp. Laws, abolishing the distinctions between the actions at law and suits in equity the fundamental distinctions existing between actions at law and suits in equity still obtains, and the question as to the sufficiency of a complaint setting up causes of action of an equitable nature, and the question as to who are the necessary parties, is to be decided according to the rules of equity pleading. Anderson v. Chilson, 65 N. W. 435; Sykes v. Bank, 2 S. D. 252.

As shown by the prayer for relief in the plaintiffs' complaint, this action is an action to quiet title, for an accounting, and for par-

tition of property, and for the distribution of a certain fund alleged
to be held by the defendant as trustee. There can be no question but
that all of the parties having any interest in the property, or any claim
to any part of the fund, are necessary parties. Comp. Laws, Secs.
4885 and 5356; Vol. 6 Am. & Eng. Ency. 738; 1 Waite Pr. 135;
Maxwell on Code Pleading 59, 60, 45, 66, 263, 25; Story Eq. Plead
§§ 136, 169; Mitchell v. Lennox, 2 Paige, 280; 1 Dan. Chan. 216.

The provisions of Section 5312 of the Compiled Laws relating to
the seven years period of absenteeism do not apply to this case.
Jones on Ev., Vol. 1, § 57; Hyde Park v. Canton, 130 Mass. 505;
Com. v. Thompson, 6 Allen 591; Flyn v. Coffee, 12 Allen, 133.

*Wood & Buell* and *McLaughlin & McLaughlin,* for respond-
ents.

Heirs of a deceased person can maintain an action against any
one having property of the decedent which he unjustly detains and
withholds, and at the time there is no administrator, none need
be appointed. Comp. Laws, §§ 3399, 3400, 5449 and 5453; Chand-
ler v. Darlington, 7 S. D. 148; Ely v. Railroad Co., 129 U. S.
291; Parley Peak Mining Co. v. Kerr, 130 U. S. 256; 3 Pomeroy's
Equity Jurisprudence, §§ 1396, 1397; Pomeroy's Remedial Rights
and Remedies, 369; Hubbard v. Upton, 67 Fed. 419; Bem. v. Bem,
4 S. D. 138; Bem v. Shoemaker, 7 S. D. 510; Bem v. Shoemaker,
10 S. D. 453; Trotter v. Mutual Reserve Life Association, 9
S. D. 596; Rust-Owen Lumber Co. v. Fitch, 3 S. D. 213; Car-
penter v. Ingalls, 3 S. D. 49; Hurt et al. v. Fisher, 35 S. W. 1085;
Woten v. Steele, 13 Southern, 563.

If a defect of parties plaintiff appears upon the face of the
complaint, The objection should be taken by demurrer. Comp.
Laws, S. D. § 4909, subdivision 4. If the objection be not taken by
demurrer or answer it is waived. Comp. Laws, S. D. § 4913.

If other parties are necessary to complete determination of the action they may be brought in by the Court. Comp. Laws, S. D. §4885. If this is not done the party waives the objection. Sykes v. Bank, 2 S. D. 252.

The general rule undoubtedly is, that "A person shown not to have been heard of for seven years years by those (if any) who, if he had been alive would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death." Stevens Law of Evidence, Chap. 14, Art. 99; 1 Greenleaf on Evidence § 41; 1 Taylor on Evidence, § 157; Jones Evidence, § 57; Rice Evidence, § 46; Dain v. Briggs, 97 U. S. 628.

Haney, J. This action was instituted for the purpose of establishing the claims of the plaintiffs to certain mining property in possession of the defendant, and to compel an accounting. It was tried without a jury, resulting in a decision and judgment favorable to the plaintiffs. From the judgment and an order denying a new trial, the defendant appealed.

It appears that Marks McGovern, a widower, married Ann Graenin, a widow, at Troy, N. Y., about the year 1828. The children of this marriage were Elizabeth, who married one Schroeder, and who is one of the plaintiffs; Thomas F., who died intestate and without issue in Lawrence county, January 18, 1889; Hugh F., who died intestate and without issue at the same place, May 5, 1897; and Annie I., who married John Costello, and who is the defendant in this action. When Marks McGovern and Ann Graenin were married the latter had three children by a former husband, two of whom died without issue prior to the commencement of this action. The third, Mary, who married Michael Burnett, is one of the plaintiffs.

Part of the mining claims involved belonged to Thomas McGovern, the others were owned by Hugh. It is alleged in the complaint, in effect, that the parties to this action are the only heirs of Thomas and Hugh McGovern. This is denied in the answer, and it is therein alleged that Marks McGovern had four children by his former wife, three of whom are still living in the state of New York, and that they are necessary parties to this action. Counsel concede that the children of Marks McGovern's first marriage, if living, are heirs of Thomas and Hugh McGovern, and therefore necessary parties to this action; but it is contended by the plaintiffs that any defect of parties has been waived by defendant, and that it was not shown upon the trial that any heirs other than the parties to the action were living when the action was begun. In this state the defendant may demur to the complaint "when it shall appear upon the face thereof" that there is a defect of parties, plaintiff or defendant. Comp. Laws, § 4909. When any of the matters enumerated in the statute do not appear upon the face of the complaint, the objection may be taken by answer. Id. § 4912. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. Id. § 4913. This is the general rule in equitable actions. 15 Enc. Pl. & Prac. 681, 685. As no defect of parties appears upon the face of the complaint, it was necessary and proper that the objection be taken by answer. The defect of parties was not waived. In Sykes v. Bank, 2 S. D. 242, 49 N. W. 1058, the defect appeared upon the face of the complaint; hence there is nothing in that case conflicting with the conclusion reached in this.

The court below found that, "prior to his marriage with Ann Graenin, Marks McGovern was married, and had some children;

that said children absented themselves from the State of South Dakota and elsewhere for more than seven years together; and that said children of Marks McGovern have not been heard from for more than 20 years prior to the commencement of this action." It also found that the parties to this action "are the only descendants of Marks McGovern and Ann Graenin, either of the whole or half blood." Are these findings sustained by the evidence? If so, do they sustain a decree distributing the property of Thomas and Hugh Mc·Govern among the parties to this action, to the exclusion of the alleged heirs who have not been brought into court? Comp. Laws, § 5312, reads as follows: "If any person, upon whose life any estate in real property depends, remains without the United States, or absents himself in the state or elsewhere, for seven years together such person must be accounted naturally dead, in any action or special proceeding concerning such property, in which his death shall come in question, unless sufficient proof be made in such case of the life of such person." The language of this statute must be construed in the light of the common law relating to the presumption of the continuance of life. It is stated in Jones on Evidence: "When a person is shown to have been living at a given time, the continuance of life will be presumed, until the contrary is proved, or is to be inferred from the nature and circumstances of the case. * * * As the courts had to resort to the presumption of the continuance of life, in the absence of direct proof of life or death, in order to settle important rights which were often involved, it became equally necessary to adopt some counter presumption in classes of cases where the death of the person would in the ordinary course of events seem more probable than the continuance of life. Accordingly, in analogy to certain English statutes, the courts adopted the rule that 'a person, shown not to have been heard of for seven years by those (if any)

who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death.' In this country the rule has generally been applied only to those who were absentees from their home, and is thus stated in a Massachusetts case: 'If a man leaves his home and goes into parts unknown and remains unheard from for the space of seven years, the law authorizes, to those that remain, the presumption of fact that he is dead; but it does not authorize him to presume, therefore, that any one of those remaining in the place which he left has died.' It is not necessary, in order to raise this presumption, that the removal should be beyond the seas, or even to a distant state; but, if one removes from his state to a fixed place of residence in another state, the fact that he has remained unheard of in the former state does not alone authorize the presumption. It need hardly be added that this is not a conclusive presumption. It is one of fact, and is subject to be controlled by the facts of the case. It is one which varies in weight according to the circumstances. The presumption under discussion is an arbitrary one, rendered necessary on grounds of public policy, in order that rights depending on the life or death of persons long absent and unheard of might be settled by some certain rule. It is not enough to raise the presumption that the person has not been heard from for seven years. It is not only necessary to show this, but also to show his absence from home, and that inquiry has been made at the place of residence of such person abroad; if he had any known fixed residence, even though such residence is beyond the sea. But it is not necessary that inquiry should be made in those places which he has merely visited, or to which he may have gone temporarily. In determining whether the absentee has been heard from within seven years, the testimony of any person having knowl-

edge of the fact may be received. There is no rule of law which confines such intelligence to members of the family or to any other particular class of persons. It is not a question of pedigree. It follows, of course, that, if it is proved that the person has been seen or heard from within the seven years, the presumption does not obtain." Jones, Ev. §§ 56, 57. So far as applicable to the case at bar, the language of the statute is this: "If any person * * * absents himself in the state or elsewhere, for seven years together, such person must be accounted naturally dead * * * unless sufficient proof be made * * * of the life of such person." In other words, if any person absents himself for seven years together, he shall be presumed to be dead. The legislative intent largely depends upon the meaning of the word "absents." The verb "absent" is thus defined by Webster: "To take or withdraw one's self to such a distance as to prevent intercourse." This definition is in harmony with the reason of the common-law rule. The presumption of death is based upon the absenting of the person whose life is involved, not upon the absence or removal of those who seek to establish such person's death. Inhabitants of Hyde Park, v. Inhabitants of Canton, 130 Mass. 505. The plaintiff, Mary Burnett, testified as follows: "When my mother married Marks McGovern he was a widower, and had one child by a former wife. The child was named James McGovern. I saw James McGovern in 1861 or 1862, at the time of a draft for the army. He was married at that time, and lived in Brooklyn, N. Y., where he was engaged in the livery business. I think he was all of 45 years of age. He had a daughter about 16 years of age. I saw his wife, a little woman, aged 30 or 35 years. This was the same time I saw him. I did not learn her name. I have never seen them or heard from them or either of them by letter of otherwise, since that time." Whether Marks McGovern had

other children by his first wife, the fact was established beyond dispute that his son James was living in Brooklyn in 1861. Defendant was contending at the trial that he still lived. The burden was upon the plaintiff to prove his death, or circumstances from which his death might be inferred. We have been unable to discover any evidence in the record tending to prove that he ever absented himself from his home in Brooklyn. That he has not been heard from by his relatives does not, in itself, overcome the presumption that he still lives where he did in 1861. In the absence of inquiries at his last known place of residence, it should be inferred that he is now living at his former home. As we read the record, the evidence merely tends to prove that certain relatives of the person alleged to be dead have removed from their earlier homes, and have ceased to communicate with such person. Clearly this is insufficient to rebut the presumption of continuance of life. It would be absurd to hold that mere absence from this state for seven years would sustain the presumption of death. The statute requires more than that. It permits the inference of death only where the person has himself withdrawn from his home, and remained beyond the reach of reasonable inquiry for seven years together. Neither the evidence nor the finding of the circuit court is sufficient to sustain the inference that James McGovern is dead. If living, he is an indispensable party to the determination of the litigation involved in this action, and we think the court below erred in rendering a decree without having him brought into court.

Having endeavored to state the law applicable to the issue raised by the pleadings with respect to the defect of parties, it is unnecessary to review in detail the evidence offered to prove that there are other heirs than James McGovern. Whether there are others or any heirs of Thomas and Hugh McGovern who have not been made par-

ties will doubtless be carefully considered should the action be again tried. It being highly probable that such heirs are in existence, who are equally interested in the litigation with the present parties, and who would not be bound by our decision, it is deemed inexpedient to express any opinion upon other features of the case.

The judgment below is reversed, and a new trial ordered.