## SUBSTITUTION BY THE MAKER OF A DUPLICATE NOTE FOR ONE OLD AND WORN.

GOODRICH ET UX v. CASE, EXECUTOR.

Decided, March 31, 1903—68 Ohio State, p. 187.

*Substitution of Duplicate Note by Maker—For Old Worn Out Note—In Hands of Payee's Executor—Merely for Renewal of Evidence—New Note No Acknowledgment of Old—Statute of Limitations—Section 4992, Revised Statutes.*

Where the payee of a promissory note has died, and the note has come into the hands of his executor, and being old and much worn, the maker, at the request of the executor, makes and delivers a true copy of the note to such executor and destroys the original note, the intention of the parties being merely to renew the evidence of the old note, and that the new paper should stand for and instead of the old note, such substituted new note is not a written acknowledgment of the old note nor a promise in writing to pay the same, so as to prevent the statute of limitations from running against the original note under Section 4992, Revised Statutes.

Error to the Circuit Court of Licking County.

On the 6th day of December, 1873, Moses Goodrich, one of the plaintiffs in error, made and delivered his promissory note of that date to Grove Case, then in full life, but now deceased, said Burton Case, defendant in error, being his executor.

The following is a copy of said note:

"$2,500.          Two years after date I promise to pay Grove Case, or order, the sum of twenty-five hundred dollars, with interest at eight per cent., the interest to be paid annually. Value received. Dated this sixth day of December, 1873.

"MOSES GOODRICH."

Said Moses Goodrich and Helen Goodrich, his wife, at the same time executed and delivered to said Grove Case their certain mortgage deed, signed by both of them, to secure the payment of said note, which mortgage was duly recorded.

Some payments of interest were endorsed on the note, and a payment of $1,000 was endorsed thereon of the date of July 20, 1880, and no payment was made thereafter.

Grove Case having died in the year 1885, his executor on the 21st day of January, 1899, commenced his action against said Moses Goodrich and Helen Goodrich on said note and mortgage as a single cause of action seeking to recover judgment against said defendants below, and for a sale of the real estate covered by said mortgage, the proceeds to be applied to the satisfaction of

such judgment. For the purpose of avoiding the statute of limitations, the plaintiff below inserted the following in his petition:

"And said plaintiff further says: That in the year 1894, the exact time of year the plaintiff can not now state, the said plaintiff and defendant met together and by agreement between them, the said note, the paper of which was much torn and worn, was exactly copied in writing on another piece of paper, together with all the endorsements thereon, the same as said original note, and by said agreement the said defendant took said original note and the same was delivered up to him at his request by the said plaintiff and in the place thereof said defendant then and there signed said copy, the same being in writing, and then and there delivered the same to the said plaintiff, as and for, and in the place of said original, and then and there and thereby the said defendant acknowledged in writing said original promissory note, and that the money mentioned therein was an existing debt and liability owing and payable to said plaintiff, and that said note was a valid and subsisting contract between them and payable by said defendant to said plaintiff, and which written copy was then and there duly signed by said defendant, and by which writing the said defendant did then and there promise that he would pay the money mentioned in said note to said plaintiff. Then said acknowledgment and promise was then and there signed and delivered by said defendant to said plaintiff with the intention of acknowledging and paying the amount mentioned therein to said plaintiff.

The defendants answered pleading the statute of limitations, fifteen years, and then added the following to their answer:

"And defendants further say, that on or about the 31st day of January, 1887, and not in the year 1894, and while said note and mortgage were existing obligations against the defendant, the said Moses Goodrich, at the instance and request of the said executor and without consideration and for the expressed reason on his part that the paper of the original note was much worn, signed his name to a copy of said note and endorsements, whereupon the plaintiff took said substituted note and handed to the said Moses Goodrich the original note. And defendants deny that there was any delivery of said copied note, but say that the same was substituted merely for the former note. And they deny that in point of fact or law or at all, said Moses Goodrich thereby or by reason of the premises acknowledged in writing said original note or acknowledged that the money therein mentioned was an existing debt and liability owing and payable to plaintiff, except as indicated by the original note, which was then an existing obligation. And defendants deny that, by said substituted note, the defendant, Moses Goodrich, promised that he would pay the money mentioned in said substituted note or promised anew at all. And defendants deny there was any promise or acknowledgment in writing in the

premises, or that said substituted note was signed or delivered by him to plaintiff, or signed or delivered with the intention of acknowledging or paying the amount mentioned therein in any other sense than as the original and substituted note then indicated a then subsisting obligation. Wherefore defendants pray judgment."

By his reply the plaintiff denied each and every allegation of the answer.

A jury was waived and the cause submitted to the court, which found the conclusions of fact and law separately as follows:

"1. That on the 6th day of December, A. D. 1873, the defendant, having borrowed $2,500 from Grove Case, executed and deivered to said Grove Case, the testator, his promissory note of that date for the sum of $2,500, payable to said Grove Case, or order, two years after date, with interest from date at the rate of eight per cent. per annum, and at the same time secured the payment of said note by the mortgage upon the real estate described in the petition. Interest was paid and endorsed upon said note up to December 6, 1876, and on the 20th day of July, 1880, $1,000 were paid and endorsed on the said note. No other payments were made upon it. That Grove Case died on the —— day of ——, 1885.

"2. That on the 31st day of January, 1887, the said executor and said Moses Goodrich met, the said executor having the said note in his possession, when said executor said to said Goodrich that the said note had become dilapidated and worn out, and suggested to said Goodrich that they should supply the place of the old note by making a copy of the old note and the endorsements, and have that instead of the original note. That thereupon a literal copy of the original note and of the endorsements thereon, was made upon the new paper, the new paper bearing original date, etc., being the instrument copied in the petition in this case, was made by said executor, and said Moses Goodrich signed it, took up and destroyed the old note and delivered the new paper to said executor.

"That in that transaction it was the intention of the parties merely to renew the evidence of the old note—to put in fresher and at that time more lasting evidence the old or original note, and that the new paper should stand for the old note, and there was no other intention in the mind of the parties at that time.

"3. That thereafter nothing was done with the note until the petition in this case was filed.

"And as conclusions of law arising upon the above conclusions of fact, the court finds that the bar of the statute had not fallen January 31, 1887; that the said transaction was and constituted a written acknowledgment signed by Moses Goodrich as of the date of July 31, 1887, of the indebtedness shown by the original note, which prevented the bar, and was a waiver of the statute

of limitations of fifteen years, and that the defense setting up the statute of limitations of fifteen years is not good and valid."

Then follows a finding of the amount due on the note, a judgment against Moses Goodrich therefor, a finding that the condition of the mortgage has been broken, that the plaintiff is entitled to have the mortgaged premises sold to pay the amount so found due, and an order of sale if not paid within ten days. Proper exceptions were taken by defendants throughout.

The circuit court affirmed the judgment, and thereupon a petition in error was filed here seeking to reverse the judgments below.

*Kibler & Kibler,* for plaintiffs in error.

The sole question is (fifteen years and more having elapsed since the payment in 1880 before the bringing of this action) : Was this act of the parties in substituting the one note for the other, such an act as under the statute removed or extended the bar of the statute? Or, in other words, shall the fifteen years begin from the date of the last payment in 1880 or from the date of the substitution in 1887?

What is the proper construction in Section 4992, Revised Statutes, of the words "or a written acknowledgment thereof, or promise to pay the same, has been made and signed by the party to be charged."

Our contention is, that the required writing must show in itself an acknowledgment of, or promise to pay, a subsisting debt, and that parol proof can not be resorted to at all.

What then was presented to meet the requirement of the statute? Only the paper copied above, which showed on its face, that the bar was complete, which showed no new promise or acknowledgment—but was the original note in *heac verba.*

If the acknowledgment of the debt does not appear from the terms of the writing, and it is necessary to resort to parol or circumstantial evidence to show an acknowledgment, the acknowledgment is not in writing. *Scott* v. *Hickox,* 7 Ohio St., 88; Angell on Lim., 24.

The present statute requiring the acknowledgment or promise to be in writing was enacted to avoid the evils, uncertainties and contradictions which arose and existed under the former statutes, and the construction we contend for does avoid them.

We can find no cases which hold that the writing can be helped out by parol evidence, or that the writing can be disputed by such evidence. Those decisions which permit a date to be supplied and

the like, apply to cases where the writing acknowledges or promises to pay a subsisting debt. We venture to say that there is no case which permits the use of parol evidence, which would not merely vary, but wholly dispute and change the writing.

If it had been intended that the making of the new note should be an extension of the bar, that intention itself should have been in writing. That is what were the design and meaning of the statute.

The construction to be put upon the statute should be analogous to that applied to the statute of frauds, viz.: That the agreement should be expressed with such clearness and certainty that the terms may be understood from the memorandum itself without the necessity to resort to parol proof. *Kling* v. *Bordner*, 65 Ohio St., 86.

But if parol evidence is admissible, that offered did not show anything other or further than the substitution of a new note for the other. There was no new consideration. There was no reason for an acknowledgment or new promise, because the debt would not be barred until about eight years thereafter. It could not be in the contemplation of the parties that there should be an acknowledgment. Nor does it appear that an acknowledgment was intended or any other thing done or intended, except to renew the *paper*, not the *note* or *debt*. The new paper did not satisfy the original debt, nor any part of it, for the reason that the parties did not intend the destruction of the old note to have that effect. *Kilgore* v. *Emmett*, 33 Ohio St., 410.

*Samuel M. Hunter*, for defendant in error.

We contend that the bar of the statute of limitations was removed by the facts shown in the record, under the provisions of Section 4992, Revised Statutes.

The demand in suit is founded on contract, and we contend is taken out of the statute of limitations or at least two grounds mentioned in Section 4992, Revised Statutes.

1. On January 31, 1887, Goodrich, the party charged, by giving the new paper, and delivering the same to Case, acknowledged the demand in writing.

2. That Goodrich then and there and thereby promised to pay said demand in writing, not only by implication, but expressly.

Goodrich over his own signature says in this paper, that he had executed said original note for $2,500, that he promised to pay the same demand with interest, and for value received, and that he still owed the same.

There could be no more absolute acknowledgment of the demand; there could be no more unequivocal promise to pay. What could possibly be his object in signing said paper and delivering the same to Case, unless it was to acknowledge that he still owed the demand, and promising to pay the same.

There can be no extraneous provisions engrafted on this statute by construction. The language is absolutely clear. *Wilcox* v. *Nolze,* 34 Ohio St., 520; *Bissell* v. *Jaudon,* 16 Ohio St., 499.

Although the statute in force when the above case arose did not require the acknowledgment to be in writing, yet an acknowledgment was required to take the case out of the statute, and a similar acknowledgment would do so now, but it must be in writing. It will be noticed in the above case there was no question of intent when the parties consented that the funds should be applied on the debt. No one claimed that it was for the purpose of tolling the statute of limitations, but whatever the effect and intent was, it did not matter, the consent was an acknowledgment, and had all the force and effect of an acknowledgment, regardless of intent. *Coffin* v. *Secor,* 40 Ohio St., 637; *Chidsey* v. *Powell,* 4 S. W. Rep., 446; *Russell* v. *Davis,* 53 N. W. Rep., 766; *Harms* v. *Freytag,* 80 N. W. Rep., 1039; *Elder* v. *Dyer,* 26 Kan., 604; *Kincaid* v. *Archibald,* 73 N. Y., 189.

The actual time of the signing of any paper may be shown by parol evidence. The date of a paper is no part of its provisions. *Manchester* v. *Braedner,* 107 N. Y., 346; *Skeet* v. *Lindray,* 2 Ex. D., 316; 46 L. J. Ex., 251; 2 Smith's L. C., 904 (E. & Co.'s Ed.)

BURKET, C. J.; DAVIS, SHAUCK and PRICE, JJ., concur.

This cause was orally argued before a division of the court, and was afterward submitted to and fully considered by the whole court.

The original note and the mortgage securing the same were demands founded on a contract, and therefore Section 4992, Revised Statutes, is applicable. That section is as follows: "When payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or promise to pay the same, has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment or promise."

Grove Case was the payee in both the original and substituted notes, and the name of Burton Case is not found in either note. On January 31, 1887, when the substituted note was handed to

Burton Case, there was no written acknowledgment thereof made to him, and there was no promise made to him in writing to pay the note. Grove Case having died before that time, there could be no acknowledgment or promise to him, because an acknowledgment or promise must be to the living, and not the dead. The talk was with Burton Case, but that talk was not reduced to writing, and was not signed by the party to be charged. The substituted note was signed by the maker, the party to be charged, and took the place of the old note, and had *its* force and legal effect and nothing more; and if from the signing of the substituted note a promise or acknowledgment is to be forced or forged, contrary to the intent and purpose of Mr. Goodrich and the executor, that result is avoided and averted by the fact that such acknowledgment and promise was not made to the living executor, but to his dead ancestor. And this defect can not be helped out by parol, because the promise or acknowledgment is required by the statute to be in writing, and the writing must show on its face to whom the promise or acknowledgment was made. A promise or acknowledgment to the dead is void, and to show by parol that while the written promise or acknowledgment was to the dead, it was in fact delivered to the living, would be to avoid the statute by substituting a parol promise or acknowledgment for the written one required by the statute.

In its conclusions of fact, the court finds the following: "That in that transaction it was the intention of the parties merely to renew the evidence of the old note—to put in fresher and at that time more lasting evidence the old or original note, and that the new paper should stand for the old note, and there was no other intention in the mind of the parties at the time."

This conclusion of fact is fully supported by the evidence as to the whole transaction, including the substituted note. The purpose and intention of the parties to a transaction should govern and determine its legal effect in the absence of a statute or positive rule of law requiring the contrary. Laying aside the question of the death of Grove Case, there is no direct acknowledgment or promise to pay this old note by the giving of the substituted one. It may be argued that the giving of the substituted note was a written acknowledgment at that time of the demand evidenced by the old note, and was also a promise in writing to pay the same. But this argument is not sound. Nothing is said in the substituted note about an acknowledgment of the old note, and there is no promise to pay the old note. The substituted note deals only

with the original debt as of the date of the original note, and was given in its place and stead, and was not given as a new promise or a new acknowledgment, but only to preserve in lasting form on good paper the old promise and old note. In such cases the intent and purpose of the parties should control, and their intentions should not be thwarted by a strained construction.

To make a copy of a note is not an acknowledgment of such note, nor a promise to pay the same; and this is so whether the copy is made by the maker or a stranger. Suppose the holder of a note should desire a copy thereof for some purpose of his own, and the maker, at his request, should make and deliver to him such copy, it could not be reasonably claimed that an acknowledgment of the note, or a promise to pay the same, lurked in such copy. Suppose the maker to be a notary public taking deposition in which it would become necessary to insert a copy of his own note; the copy so made could not be reasonably construed to be an acknowledgment by him of the note, or a promise to pay the same. Or suppose the maker should be county recorder, and the note copied into the mortgage, as is sometimes done, and the mortgage brought in at a late date and recorded, it could not be reasonably claimed that the copy of the note in the record would amount to an acknowledgment of the note, or a promise to pay the same, because in all those cases the purpose and intent of the parties would not be to make an acknowledgment or promise; and in construing written instruments the controlling rule is to give effect to the purpose and intention of the parties. The object of making written instruments is to show the purpose and intention of the parties.

The acknowledgment or promise which takes a note out of the statute of limitations is an acknowledgment or promise of the note itself, or a mere copy thereof. The note is the object, and the acknowledgment or promise must be as to that object. The note must be acknowledged as existing and the promise must be to pay such existing note.

The making of a note or copy thereof can not at the same time serve the double purpose of a making, and also of an acknowledgment or promise to pay. The proposition is absurd.

The court of common pleas erred in rendering judgment in favor of the plaintiff below upon the facts found, and the circuit court erred in affirming the judgment. Both judgments will be reversed, and judgment entered in favor of plaintiffs in error.

*Judgments reversed, and judgment for plaintiffs in error.*