CABLE CO. v. RATHGEBER, Sheriff of Yankton County.

Where the issues made by the pleadings were elimated by a stipulation of facts, on which it was expressly agreed that the court might make its conclusions and render judgment, the conclusions of law were properly based on the stipulation, and findings of fact were unnecessary.

As parties may waive findings of fact by the court, a waiver

will be presumed, unless the fact of nonwaiver is shown by the record.

A mere change of corporate name, the corporation itself remaining the same, does not necessitate the appointment of another agent to accept by and receive of process.

The acknowledgment in a chattel mortgage, over the signature of mortgagor, of delivery to him of a copy of the mortgage, is at least prima facie evidence that such delivery was made.

A vendor of a piano sent a chattel mortgage form in duplicate to its agent, with instructions that both be executed by vendee, and that one of them be "filed as a copy" with the register of deeds; the vendee being notified at the same time that the "duplicate" was to be filed. These mortgage forms were executed and one filed and the other sent vendor. Because of a mistake in description, new mortgage forms in duplicate were sent vendee, with the request that he execute both and place one of the "copies" on file, as before, and send the other to vendor, all of which was done by vendee. **Held,** that the instruments signed on the two different occasions and filed with the register of deeds could not be regarded as mere copies, void against creditors and subsequent incumbrances, but rather were duplicates entitled to equal weight with the instruments sent vendor.

That on the back of a chattel mortgage filed with the register of deeds, was a certificate signed by a notary public, to the effect that he had compared it with the original, and that it was a true copy thereof, and because also on it was a similar certificate signed by the register of deeds, does not estop mortgagee from claiming that the same is anything but a copy, in the absence of proof that mortgagee requested either the notary or the register of deeds' certificate to be executed.

Plaintiff had an original mortgage on file with an error in the description of the property, and also on file another original mortgage containing a correct description and intended to supersede the first. Subsequently, a junior mortgage, was executed to another, who took with actual knowledge of plaintiff's lien, and, the property having been levied on at the instance of creditors, the sheriff was informed of plaintiff's lien, whereupon he released his levy. Thereafter, on advice of counsel that plaintiff's mortgage's on file were merely copies, and therefore invalid, the sheriff was directed to make another levy on the mortgaged property. **Held,** in an action by plaintiff to recover possession by virtue of his mortgages, that, as against such junior mortgagee and creditors, the equities of the case were with plaintiff.

(Opinion filed, August 29, 1907.)

Appeal from Circuit Court, Yankton County. Hon. E. G. Smith, Judge.

Action by the Cable Company against Jacob Rathgeber, sheriff.

From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Gamble, Tripp & Holman,* for appellant. *French & Orvis,* for respondent.

FULLER, P. J. Claiming the right of immediate possession by virtue of a prior mortgage, respondent corporation brought this action against the sheriff of Yankton county to recover the possession of a certain piano which had been seized and taken from the mortgagor, Dr. Edwin A. Weimer, under an execution, and also a chattel mortgage taken by F. A. Brecht upon the property, with actual knowledge of the earlier mortgage, and that the debt secured thereby was unpaid. The right of trial to a jury was expressly waived, and, for the avowed purpose of saving the trouble and expenses of procuring testimony, the issues made by the pleadings were all eliminated by a stipulation of facts, upon which it was expressly agreed that the court might make its conclusions and render judgment. According to the conclusive recitals of such judgment, the court made and filed its decision in favor of respondent upon such stipulated facts, and no other evidence was introduced at the trial.

Contrary to the contention of counsel for appellant, the conclusions of law were properly based on the stipulation which rendered the making of any findings of fact wholly unnecessary. Even without the agreed statement of facts, it would have been entirely competent for the parties to waive findings, and, in the absence of anything in the record to overcome the presumption of such waiver, its existence would be presumed, if necessary to support the judgment. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439; Brown v. Brown, 12 S. D. 506, 81 N. W. 883.

Counsel for appellant urge as reversible error the disallowance of their amended answer, in the nature of a plea in abatement of the action, proposed after the issues were joined and ready for trial on the merits. The evident purpose of the amendment was to enable appellant to show the failure of respondent, a foreign corporation, to comply with our statute requiring the appointment of an agent authorized to accept and receive service of pro-

cess in this state, and it was alleged, in substance, that, since the date of filing its articles in the office of the Secretary of State and the due appointment of a resident agent, such corporation has enlarged its powers, and changed its name from the "Chicago Cottage Organ Company" to the "Cable Company," as shown by its amended articles duly filed as required by law, but that no agent to meet the requirements of the statute has since been appointed. It affirmatively appearing from the recitals of the proposed amended answer that the Chicago Cottage Organ Company, of which Charles N. Harris, residing in Aberdeen, was duly appointed resident agent, was changed to the Cable Company, but has always been the same artificial being that appointed him and subsequently brought this action in its amended corporate name, it is clear that the alteration did not necessitate the appointment of another agent to accept service of process or upon whom service of process may be had in any action in which the corporation is made a party. Constructive notice of the appointment of an agent, the filing of the articles and the existence of the corporate entity was duly given, and is perpetuated by the public records, and respondent could not avoid the consequences of failing to respond to process accepted by or duly served upon Mr. Harris, on the ground that its name had been changed since his appointment. Manifestly, then, the proposed amended answer did not state facts sufficient to constitute a defense to the action, and the objection of counsel for respondent thereto was properly sustained by the trial court.

No question being raised by the pleadings or included in the stipulation of facts relative to the mortgagee's making a full, true, and complete copy of the mortgages, and the delivery thereof to the mortgagor at the time of their execution, the acknowledgment of the receipt of such copies over his signature affixed to each of the mortgages in duplicate is sufficient evidence that such delivery was made, and counsel's claim of noncompliance with the statutory requirement is unavailable. Foss v. Van Wagenen, 20 S. D. 39, 104 N. W. 605.

The right of respondent to the possession of the property at the commencement of the action is further contested, on the ground that its alleged chattel mortgages filed in the office of the register

of deeds of the county where the property was situated were not originals, but mere copies of such instruments, and to determine the point it becomes necessary to examine the facts stipulated, and shown by the record, in substance, as follows: Dr. Edwin A. Weimer, while a resident of Chicago, purchased of respondent in that city the Canova piano in controversy numbered 11,188, style K, and has never paid but a small part of the price agreed upon. Some time during the early part of the summer of 1900, when about to remove from Chicago to Yankton, S. D., Dr. Weimer placed this piano in respondent's Chicago wareroom, with the understanding that the same should be repaired, tuned, and kept there until a chattel mortgage should be executed by him in respondent's favor securing the indebtedness. Conformable to this arrangement, a clerk in respondent's Chicago office prepared and mailed early in October, 1900, to its South Dakota agent at Armour, two chattel mortgages in terms exactly alike, with the direction that they both be executed by Dr. Weimer, and that one of them be "filed as copy," and at the same time Dr. Weimer was notified from the office in Chicago of what had been done, and that "the duplicate is to be filed for record." These mortgages were accordingly executed in duplicate by Dr. Weimer about the 9th day of November, 1900, in presence of two persons, each of whom signed the same as a witness, and immediately thereafter one of such instruments was filed in the office of the register of deeds of Yankton county, where it has ever since remained, and the other was forwarded to respondent corporation in Chicago. Because of a mistake in describing the piano as No. 11,888 instead of 11,188, another chattel mortgage was drawn in duplicate by a clerk in the Chicago office, and both were forwarded directly to Dr. Weimer at Yankton on the 28th day of November, 1900, with the proper explanation as to the mistake, and a request that he execute both instruments and place one of the copies on file, just as before, and the writer of the letter stated that the revenue stamp would be affixed at the office on return of the duplicate. On the 6th day of December, 1900, Dr. Weimer, who had received these mortgages from Chicago, executed the same in presence of Charles P. Edmunds and Porter C. Edmunds, who signed their names thereto

as witnesses, and thereupon one of such instruments was filed as No. 13,973 in the office of the register of deeds, where it has ever since remained, and the other was returned by the mortgagor to respondent, together with a statement of the amount paid for a revenue stamp and the recording fee, aggregating in all $1.45, which he was instructed to charge to the company.

The contention of counsel for appellant that the mortgages executed in duplicate by Weimer to respondent upon the two different occasions should be regarded as mere copies, and void against creditors and subsequent incumbrances, is based on the foregoing, and the further fact that the register of deeds certified as to the day and hour of filing, giving the book and page, and over his signature stated that he had compared the instrument "with the original, and it is a true copy of the same." By filling out a blank on the back of each mortgage, Charles P. Edmunds, a notary public and one of the persons, who signed as a witness, certified that he had "compared the within instrument with the original mortgage given by Edwin E. Weimer to the Cable Company, and find it is a true and correct copy of the same and the whole thereof." While in the grammatical construction of sentences the words "copy" and "duplicate" are never synonymous, unless employed as verbs, the practice of indiscriminately using them as such is quite prevalent, and the extrinsic facts presented by the record in this case fully justify the inference that the term "copy" was used only with reference to and to designate the instruments executed by Dr. Weimer, as mortgagor, to respondent as mortgagee, and duly filed for record in the proper county. Differing from a "copy," a "duplicate" instrument in writing is the exact repetition thereof, and according to judicial lexicographers has all the validity of an original. "A duplicate writing has but one effect. Each duplicate is complete evidence of the intention of the parties." Bou. Law Dic. "A document the same in all respects as some other document, from which it is indistinguishable in its essence and operation." Anderson's Law Dic. "An original instrument repeated; a document which is the same as another in all essential particulars, and differing from a mere copy in having all the validity of an original." Bur. Law. Dic.

It is further claimed that, in any event, respondent is estopped to deny that the mortgages thus taken in duplicate were copies, for the reason that, upon the back of each printed form used, there was,. as stated above, a certificate in blank, which was filled out, to indicate that the instruments filed were certified copies, and that appellant in good faith acted upon that assumption. There is nothing in the stipulation of facts tending to show that either the mortgagor or the mortgagee requested anyone to fill out the blanks or make a certificate of any character, and, in the absence of anything to indicate that this was authoritatively done by the notary public or register of deeds, it will not be so presumed for the purpose of reversing the judgment appealed from. Mr. Brecht. the junior mortgagee, had actual knowledge of the paramount incumbrance securing the purchase price of the piano, took his mortgage thereon subject thereto, and appellant was informed, long before the levy under which he claims the right of possession, that respondent had a mortgage on the property securing an existing indebtedness of more than $200. It is a stipulated fact that appellant sheriff had previously released an execution levy made at the instance of these same creditors on the 8th day of August, 1901, upon being informed by respondent that it held a mortgage on the piano, and so the subsequent advice of counsel that the mortgages were invalid as against their claim does not change their legal status, as they are presumed to know why the sheriff did not sell the property at execution sale in satisfaction of their judgment.

The circumstances of the case, viewed either from a legal or an equitable standpoint, do not justify a reversal, and the judgment appealed from is affirmed.