RAYMOND, Respondent, v. BARNARD, Appellant

(28 N. W.2d 700)

(File No. 8911. Opinion filed August 29, 1947.)

**Caldwell & Burns,** of Sioux Falls, for Appellant.

**Jones, Matthews & Fitzpatrick,** of Sioux Falls, for Respondent.

ROBERTS, J. Plaintiff brought this action to recover on a promissory note dated October 20, 1926, for the principal sum of $2,500, with interest from date at the rate of six per cent per annum, and payable three years after date.

The action was commenced in June, 1946, by an attachment of the undivided one-half interest of the defendant in a half section of land in Minnehaha county. Plaintiff and

defendant are sisters and were nonresidents of South Dakota when the note was executed. Plaintiff at the time of the commencement of this action was a resident of California and defendant resided in Colorado.

Defendant in her answer alleges that right of action is barred by the statute of limitations. She denies that she ever delivered the note or received consideration therefor. She further alleges that the note was delivered to her father; that it was agreed by the father and the parties hereto that defendant would assume the management of certain property and that the net income from the property would be paid to the father during his lifetime and after his death title to the property was to vest in plaintiff and defendant in equal shares; that defendant assumed management of the property, collected the rents, paid taxes and other expenses so far as the income from the property permitted; that the note was signed for the purpose of furnishing evidence of the interest of the plaintiff in the property or the proceeds that defendant might receive for the property and with the understanding that defendant's liability was limited to the amount, if any, that defendant might receive from plaintiff's share in the property; that the property was sold at a mortgage foreclosure sale and was not redeemed; and that defendant has never received any income or consideration whatever from the property over and above taxes and other expenses.

The action was tried to the court without a jury. The court found that defendant unconditionally delivered the note some time after its date and that the instrument was based upon a good and sufficient consideration "passing from the plaintiff and received by the defendant in the nature of a quitclaim deed in which plaintiff was grantor and defendant was grantee, describing Lot Seven (7) in Block Forty-Eight (48) of East Pueblo, an addition to the city of Pueblo, Pueblo County, Colorado, which property consisted of an apartment house and which quitclaim deed was dated October 15, 1926." Defendant appeals from the judgment.

The original note was not offered in evidence. There

was offered and received in evidence what is known in the record as "Exhibit 1." This exhibit reads as follows:

"This is a copy of the note I made to you Oct. 20, 1926

"Pueblo, Colo, Oct 20, 1926.

"On or before 3 years after date I agree to pay to Florence Raymond the sum of $2500.00 with interest at 6% payable annually.

"Lucille Barnard.

"Keep this for your records. Father has promised to give me the note but enjoys embarassing me by not doing so. Always reminding me that he has been a kind and loving father always. I resent his doing this way and can you blame me?

"L.

"In case anything happens to me or if I do not pay, the above will be proof for legal action. I think you should have it."

It appears from the evidence that Ida R. Schweppe, mother of the parties hereto, conveyed to them on October 26, 1925, two quarter sections of land in Minnehaha county, subject to the life estate of her husband. On the same date, she also conveyed to her daughters, subject to the life estate of her husband, a dwelling in Boulder, Colorado. The mother died shortly thereafter. February 27, 1926, the father and the parties to this action exchanged this property for an apartment house in Pueblo, Colorado. October 15, 1926, plaintiff by quitclaim deed conveyed to defendant all her interest in the apartment house. Defendant and her father transferred this property in exchange for other property which was not redeemed by defendant from a mortgage foreclosure sale.

Defendant admits the execution of a note payable to her sister for $2,500. She testified: "I gave it to my father. He picked it up after I signed it and I have never seen it since that I know of." With reference to Exhibit 1 she testified: "It must be true or I wouldn't have written it down that way." Referring to the last paragraph of this exhibit she testified: "What is down there is the truth or I wouldn't have written it."

Defendant contends that this is an action upon the original note and not upon the obligation thereby represented; that while it is true that Exhibit 1 purports to ·contain a copy of a note it is not a duplicate or substitute note, having all the legal effect and validity of an original; and that the evidence is insufficient to establish delivery of the note upon which the action is based.

■■ In Benton v. Martin, 40 N. Y. 345, it was sought to recover on a draft given in place of the original, drawn by the same person, in the same words, and with the same date, across the face of which was written the word "duplicate." It was held that the true construction of the word "duplicate" was that the draft was made as a substitute for, and to take the place of the original and was but new evidence of the same debt and no new liability was thereby created. To the same effect, see Bank of Gilby v. Farnsworth, 7 N. D. 6, 72 N. W. 901, 38 L. R. A. 843; Goodrich v. Case, 68 Ohio St. 187, 67 N. E. 295; and Samland v. Ford Motor Co., 123 Neb. 819, 244 N. W. 404. Defendant argues that if it had been her intention to give a duplicate or substitute note she would have. executed a separate instrument in the form of a note; that the copy of the note in Exhibit 1 is merely part of a memorandum for the information of the plaintiff and was not made as a substitute for, and to take the place of another note. A "duplicate" has been defined as "the original instrument repeated" and has all the validity of an original. Dakota Loan & Trust Co. v. Codington County, 9 S. D. 159, 68 N. W. 314; Cable Company v. Rathgeber, 21 S. D. 418, 113 N. W. 88. If it be assumed, without so deciding, that the copy contained in Exhibit 1 is not in legal effect a duplicate or substitute note, it is apparent that defendant intended it to be a copy in all essential respects of a note that she had previously signed and handed to her father and to be used as evidence thereof.

■■ A note is incomplete and revocable until there is a valid delivery. Pavilis v. Farmers Union Livestock Commission, 68 S. D. 96, 298 N. W. 732. What constitutes delivery depends upon‘the intention of the parties. It is not necessary that there be an actual manual transfer from

the maker to the payee. Defendant asserts that plaintiff was informed by Exhibit 1 that delivery of the note to the father was conditional. It is not susceptible of such construction. Defendant made no mention therein of any condition on which liability was to become absolute, but manifests a purpose to furnish plaintiff with evidence of an existing obligation. There can be no question concerning the sufficiency of the evidence to sustain the finding of the court that the note was given for a valuable consideration. We think that defendant clearly indicated an intention to make the note in the hands of the father an effective and enforceable obligation for the benefit of plaintiff.

The further question presented for determination is whether the present action is barred by the statute of limitations. This action not having been commenced within six years after the cause of action accrued the provisions of SDC 33.0232(4), as amended by Ch. 145, Laws 1945, standing alone would bar recovery. SDC 33.0203, however, provides:

"If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

██ The absence or presence of the plaintiff in this state has no effect upon the running of the statute of limitations. The statute refers to the bringing of the action within a certain time after return of the debtor into the state. This applies to a nonresident coming into the state as well as to a resident absenting himself from the state and then returning. McConnell et al. v. Spicker, 15 S. D. 98, 87 N. W. 574; Reeves & Co. v. Block, 31 S. D. 60, 139 N. W. 780; L. D. Powell Company v. Larkin, 52 S. D. 245, 217 N. W. 200. In McConnell v. Spicker, supra [15 S. D. 98, 87 N. W. 575], this court quoted with approval from an early New York case, Ruggles v. Keeler, 3 Johns. N. Y., 263, 3 Am. Dec. 482, as follows: "Whether the defendant be a

resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged until he comes within our jurisdiction."

Defendant relies upon the case of Frolich v. Swafford et al., 35 S. D. 35, 150 N. W. 476, 479, 893. This court after a full consideration of the question involved reversed upon rehearing its former decision reported in 33 S. D. 142, 144 N. W. 925. It is pointed out that the statute suspending the running of the statute of limitations during absence from the state was enacted to give to a plaintiff the benefit of the full period of time to enforce his claim and where the reason for the existence of the suspension of the statute does not exist it should not be applied. This court therein said: "Where a party has, through an action in the courts of any state, a complete and adequate remedy for the redress of a wrong or the protection of a right—a remedy the enforcement of which is unaffected by the absence from such state of the one against whom he makes his claim to relief—such absence does not, under section 69 supra (SDC 33.0203), extend the time within which he must bring an action to enforce his rights; in other words section 69, supra, has no application where, regardless of the absence from the state of the party against whom one has a right of action to enforce some legal right, such legal right can be fully enforced through a decree acting directly upon property within this state, and which decree can rest upon constructive service of process. * * * In the present case appellant seeks two things—to be allowed to redeem from the prior mortgage, and to foreclose his own mortgage. His right to redeem from the first mortgage was a right entirely separate and distinct from his right to foreclose his mortgage, and was a right which he might have enforced in a separate action at any time since his right to redeem came into existence. Personal service upon the person or persons from whom redemption was sought was never necessary in order to give to the courts of this state jurisdiction to enter a decree which would fully determine and protect ap-

pellant's rights as a redemptioner. Furthermore, as shown by appellant's prayer, no personal judgment for deficiency upon foreclosure was sought, and therefore the courts of this state could, at any time after his right to foreclosure arose, have granted to him all the relief he now seeks—both that pertaining to redemption and to foreclosure—and could have granted all this relief, though personal service of process could not have been made upon a single defendant."

Defendant has owned since 1926 the Minnehaha county land which plaintiff herein attached. Defendant insists that because defendant owned this property which was subject to attachment and sufficient in value to satisfy her claim plaintiff had a remedy in the courts of this state complete and unaffected by the nonresidence of the defendant and that upon analogy to the doctrine announced in the Frolich case the statute of limitations was not suspended.

In Taylor v. Ashdown, 60 S. D. 411, 244 N. W. 541, an action on a promissory note, this court held that where a defendant is absent from the state the fact that he may own property in the state does not prevent the suspension of the statute of limitations during his absence. There are decisions holding to the contrary, but we think that the rule there announced is correct and is supported by the great weight of authority. See annotation in 119 A. L. R. 331. In the Taylor v. Ashdown case, defendants were personally served with process. Counsel contend that the case at bar presents an entirely different situation in that it having been commenced by attachment is, in its nature, an action in rem and because personal service on the defendant was not essential absence from the state did not under the rule announced in Fdolich v. Swafford, supra, toll the statute of limitations. The answer made by counsel for plaintiffs is that inasmuch as an attachment is merely ancillary to an action on a claim of the plaintiff against the defendant that attachment must prevail if the action is not barred. As to the contention of the defendant it is enough to say that the situation in the Taylor case and the case at bar admit of no distinction since in both cases there was property within the jurisdiction of the

court which could have been subjected to attachment; that is to say it cannot be reasonably concluded that the action commenced by attachment is barred by the running of the six-year period of limitation, though defendant was absent from the state, and her property be not subjected to such process while if defendant returned to the state after the expiration of six years and personal service were obtained a judgment could be rendered and enforced against her property. Moreover, a judgment on constructive service for the sale of attached property only affects the property attached and the court would have no authority to render a personal judgment. Defendant owing a large obligation might have property within the state of little value or have property unknown to the plaintiff. In other words, in the kind of action that we have before us, the fact that a nonresident defendant has property in the state subject to attachment might not afford complete relief without personal service upon the defendant.

The judgment appealed from is affirmed.

All the Judges concur.