FROELICH, Appellant, v. SWAFFORD et al., Respondents.

(150 N. W. 476.)

(File No. 3384.   Opinion filed December 31, 1914.   Second petition for rehearing pending.)

1. **Mortgages—Redemption—Mortgage Lien—Bar of Limitations, Application of—What Statute Applies.**

The right of Redemption mentioned in Civ. Code, Sec. 2034, is barred by limitations, the same as other rights.   **Held,** further, that the ten-year statute relates to actions wherein redemption is sought, and is applicable to redemption by a subsequent mortgagee from a prior mortgage.

2. **Limitation of Actions—Redemption—Accrual of Action—Notice of Adverse Right—Possession Under Foreclosure Deed.**

When a junior mortgagee is advised that a purchaser under a senior mortgage has entered into possession under his foreclosure deed, he receives implied notice that any right of his, inconsistent with the title under which the possession is held is denied by such possessor, and then, if never before, limitations begin to run against his right of redemption.

Smith, J., dissenting.

3. **Actions—Relating to Realty—Jurisdiction of States Beyond Locus—Decree in Personam—Character of Suits.**

Actions relating to realty, which can be brought in states other than those where the land is situate, provided jurisdiction of parties can be acquired therein, are limited almost, or quite exclusively, to equitable actions wherein the relief sought can be enforced through a decree in personam, such as cases based upon fraud, trust, or some privity of contract or estate.

4. **Actions—Affecting Realty—Jurisdiction Over Res—Service of Process, Character of—Actions "In Rem", or "Quasi In Rem."**

Under Code Civ. Proce., Sec. 112, authorizing service of process by publication, where the subject of the action is realty

in the state, and defendant has or claims a lien or interest therein, or the relief demanded consists in excluding him from any such lien or interest, **held**, that every action affecting such realty, whether one which might be brought in the state of residence of defendant or not, can be brought in courts of this state, and complete relief given by virtue of the court's jurisdiction over the res, though defendant is a non-resident; and such actions, whether service upon such defendant is personal or constructive, are, though personal in nature, yet, because the decree entered acts directly upon the right, etc., claimed in the res, sometimes regarded as actions "in rem," though more properly as "quasi in rem."

Smith, J., dissenting.

5. **Actions—Redemption From Senior Mortgage—Transitory, Local, Action—Functions of Each—Decree.**

An action by a junior mortgagee for redemption, so far as it seeks relief through defendant, is transitory, while in so far as it seeks a decree affecting directly a right, etc., in realty, it is local; and in the former the decree would direct defendant to execute necessary instruments in protecting plaintiff's rights; in the other, the court, by decree, would directly protect such rights.

Smith, J., dissenting.

6. **Limitation of Actions—Non-Residence—Statute, Purpose of—Construction.**

The purpose of Code Civ. Proc., Sec. 69, providing that if, when a cause of action accrues against a person, he is out of the state, the action may be commenced within the time limited therein, after his return into the state, is to protect from loss, through mere lapse of time, all legal rights of action for preservation and enforcement of which a party has a right of action in our courts, but which rights, but for said section, might become lost by limitations.

7. **Statutes—Construction—Maxim of Jurisprudence—"Reason of Rule."**

The maxim, recognized by Civ. Code, Sec. 2409, that when the reason of a rule ceases the rule shall also cease, is applicable to the Code of Civil Procedure, though not so declared by express provision of statute.

8. **Limitation of Actions—Actions Quasi In Rem—Absence From State—Non-Applicability of Statute.**

Where a party has a complete remedy through an action in the state courts, the enforcement of which is unaffected by absence from the state, such absence does not, under Code Civ. Proc., Sec. 69, extend the time within which the action must be brought to enforce his rights; that statute having no application where, regardless of such absence, such right

can be fully enforced through decree acting directly upon property within this state, and which decree can rest upon constructive service of process.

9. **Mortgages—Junior Mortgagee, Right to Redeem, to Foreclose—Separate Right of Action.**

A junior mortgagee's right to redeem from a senior mortgage, is a right distinct from his right to foreclose his own mortgage, and may be enforced in a separate action, at any time after the right of redemption accrued.

10. **Mortgages—Foreclosure—Jurisdiction—Suits Concerning Realty—Redemptioner Defendant—Personal Service On Redemptioner, Necessity.**

Personal service upon the person from whom redemption from a senior mortgage is sought, is not necessary to give to courts of this state jurisdiction to enter a decree which would determine and protect such redemptioner's rights.

11. **Actions—Realty Mortgage Foreclosure—Without Deficiency Judgment—Service On Defendants, Necessity of.**

A mortgagee who does not pray for personal judgment for deficiency, in a suit to foreclose and to redeem from senior mortgage, may at any time after accrual of his right to foreclose, sue to foreclose, and to redeem, though personal service of procees could not be made upon any defendant.

Smith, J., dissenting.

On rehearing. Former decision reversed, and judgment of trial court affirmed.

For former opinion, see, 33 S. D. 142, 144 N. W. 925.

*U. S. G. Cherry,* and *Herbert Abbott,* for Appellant.

*Gardner, Fairbank & Churchill,* and *Boyce, Warren & Fairbank,* for Respondent.

(8) Under point eight of the opinion, Respondent cited: Hogaboom v. Flower, 72 Pac. 547; Beebe v. Dexter, 14 Pac. 150; Florence L. & T. Co. v. Parker, 33 Neb. 775, 29 Am. St. Rep. 506; Boro v. Hidell, 122 Tenn. 80, 120 S. W. 961, 135 Am. St. Rep. 857.

WHITING, J. This cause is before us upon rehearing. The opinion heretofore rendered will be found reported in Froelich v. Swafford, 33 S. D. 142, 144 N. W. 925, to which reference is made for a statement of the facts. This rehearing was granted upon the petition of respondent, and the order granting same limited it to a discussion of the following questions:

"(1) Has the statute of limitations barred plaintiff's right of action to redeem, or has such statute of limitations been tolled

by nonresidence of certain parties who held title under the first mortgage? (2) Has Swafford, through adverse possession of himself and his grantors under color of title, acquired a title to the land superior to, and which cuts off, all the rights of Froelich under this mortgage?"

Upon the rehearing respondents concede that, by reason of the decisions of this court in Cain v. Ehrler, 33 S. D. 536, 146 N. W. 694, and Plowman v. Morden, 33 S. D. 593, 146 N. W. 914, which hold that a redemption from a tax sale is not a payment of taxes within the meaning of section 54, C. C. P., they cannot claim title through adverse possession .

[1, 2] Appellants contend that no question as to the tolling of the statute of limitations is presented under the facts in this case; in fact, it is their contention that, owing to the provisions of section 2034, C. C., no statute limiting the time for bringing an action can have any application to an action to redeem from a lien. Section 2034, C. C., reads as follows:

"Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed."

We are of the opinion that the right of redemption mentioned in section 2034 can be barred by limitation the same as other rights. We are also of the opinion that the ten-year statute is the one which relates to actions wherein redemption is sought; but we are not agreed as to when the bar of such statute commences to run—whether it commences to run from the date when the claim to be redeemed from falls due, or whether the right to redeem is one continuing in its nature and against which no statute of limitation will commence to run until such right is expressly or impliedly denied by some word or act on the part of the person claiming under the lien. When, however, one goes into possession under a sheriff's deed upon foreclosure, he makes claim to all the right, title, and interest in and to such property which such deed purports to convey, which is at least all the right, title, and interest owned by the mortgagor at time of giving the mortgage upon which such deed is based. Therefore, when a subsequent mortgagee becomes advised that a purchaser upon a foreclosure of a prior mortgage has entered into possession under a deed issued upon such foreclosure, he receives at

least implied notice that any right of his inconsistent with the title under which such possession is held is denied by such possessor—then, if never before, the statute of limitations commences to run against his right of redemption. In this case the trial court found:

"That for more than ten years prior to the beginning of this action the plaintiff knew that Ruth A. Parks had foreclosed the first mortgage upon this land as set forth in the finding of fact No. 6 herein, and that a sheriff's deed for said land had been issued to her, and that she claimed to be the owner in fee of said land adversely to him and all the world, and that for more than ten years prior to the beginning of this action the plaintiff knew that said Ruth A. Parks and her grantees had been in actual adverse possession of all said land, claiming ownership and title thereto, in good faith, adversely to him and all the world."

It follows that the statute of limitations had run prior to the commencement of this action, unless the running thereof had been tolled. It had not been tolled, unless tolled through the nonresidence of certain parties holding title under the foreclosure of the prior mortgage. Section 69, C. C. P., provides:

"If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

Were we correct, in our former opinion, in holding that the statute of limitations was tolled owing to the nonresidence of Ferrieding and Parks? After very full consideration of this question, we are of the opinion that we were in error in so holding.

We concede that the courts of many, if not a majority, of the states seem to apply the provisions of statutes similar to section 69, supra, to every action which, in its nature, is an action in personam, regardless of whether or not such action puts in issue, and the relief sought therein is the determination of, some right, title, or interest in and to a res situate in the state wherein the action is sought to be brought; and this regardless of whether

such courts, through a decree directed to the property or to some right, title, or interest therein, instead of through a decree operating upon the conscience of the defendant and decreeing that he shall do, or refrain from doing, some special act, may have been able at any time to have granted full relief to the party entitled thereto. There is, however, no state whose courts hold that, simply because a party defendant cannot be served with process within such state, they have no jurisdiction to determine and enforce the rights, if any, of a party plaintiff who claims some right, title, or interest in and to a res situate within such state. For any court to so hold would, in effect, be to deny the sovereignty of its state. Yet a minority of the members of this court contend that a suit to redeem land from a lien can only be brought in that jurisdiction wherein personal service of process upon the defendant can be had. If this were true, then certainly section 69, supra, would apply to suits to redeem, and the statute of limitations would not have run when this suit was commenced.

[3] There are many actions relating to real property, or some right, title, or interest therein, which can be brought in states other than those wherein the land is situate, provided jurisdiction of the parties can be acquired therein. Such actions are limited almost or quite exclusively to those equitable actions wherein the relief sought can be effectually enforced through a decree in personam, being cases based upon fraud, trust, or upon some privity of contract or estate. Such actions are further limited by the courts of some states—by refusing jurisdiction in actions between parties both of whom are nonresidents of such state, unless the action is based upon a contract entered into by such parties within such state; by refusing jurisdiction in any action based upon a contract, unless such contract was entered into within the state. Dicey on the Conflict of Laws, 216; notes to Proctor v. Proctor, 69 L. R. A. 673. Conceding, however, that an action seeking redemption from a lien (mortgage, judgment, tax, or other lien), or one seeking the specific performance of a contract to convey real estate, or one seeking the cancellation or rescission of a contract relating to real estate, is properly brought in a state other than that where the res is situate, but in a state where personal service can be and is had upon the defendant, yet, it being a fundamental truth that a decree from the court of one state

cannot, in iteslf, affect real property situate in another state, and that, for that reason, no decree rendered in such action can bring effective relief, except when, through such decree, the party against whom it is directed is forced to execute such instrument as may be necessary to protect the other party's rights (notes to Proctor v. Proctor), after a decree is rendered in such an action, if the party against whom it is rendered dies or leaves the state wherein such decree was rendered without having complied with the terms thereof, the prevailing party has, in effect, achieved nothing—he cannot record his decree in the state wherein the land is situate; he cannot sue upon it in the courts of such state; **in** fact, he stands where he did before suit brought.

[4] It is for these reasons that statutes such as our section 112, C. C. P., are enacted. This section provides:

"Where the person on whom the service of the summons is to be made, cannot, after due diligence, be found within the state, * * * and it * * * appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the publication of a summons in either of the following cases: * * *

"4. Where the subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein."

Under this statute every action affecting real property in this state, whether such action be one which might be brought in the state of the residence of the defendant or not, can be brought in the courts of this state and complete relief given by our courts by virtue of their jurisdiction over the res. Such actions, though personal in their nature, and therefore actions in which decrees directing that the party against whom it is entered shall execute the necessary papers to protect the other party's rights might be rendered if personal service of process has been had upon such party, yet, owing to the fact that the decree which may be entered therein, no matter whether service upon the defendant was personal or constructive ,is one which acts directly

upon the right, title, or interest claimed in the res, and determines and establishes the parties' rights without the necessity of any act upon the part of either party, are sometimes spoken of as actions "in rem," though more properly spoken of as "quasi in rem."

[5] Thus an action for redemption, in so far as it seeks to enforce the relief sought through the medium of the defendant himself, is in every sense personal, and therefore transitory; while such action, in so far as it seeks a decree affecting directly any right, title, or interest in real property, is an action pertaining to the res, and therefore local—in the one, the decree would direct the defendant to execute such instruments as might be necessary to protect plaintiff in his rights; in the other, the court, by its decree, would directly protect such rights.

[6] We think the reason for the enactment of section 69 is too clear to admit of question. It was enacted to protect from loss, through mere lapse of time, all those legal rights for the preservation and enforcement of which a party might have a right of action in our courts, but which rights, if it were not for such section 69, might become lost to the party through the bar, by such lapse of time, of any right of action in our courts. No other possible purpose could have prompted such enactment.

[7] One of the maxims of jurisprudence, and one recognized by the statutes of this state (section 2409, C. C.), is, "When the reason of a rule ceases, so should the rule itself;" or as stated in Taylor v. McGill, 6 Lea (Tenn.) 294, "What is not within the purpose or meanig nor within the mischief to be remedied by a statute cannot be held included in the law, even though literally the language might include it." This maxim is applicable to the Code of Civil Procedure, though not so declared by express provision of statute.

[8] Applying the above maxim of jurisprudence, we hold: where a party has, through an 'action in the court of any state, a complete and adequate remedy for the redress of a wrong or the protection of a right—a remedy the enforcement of which is unaffected by the absence from such state of the one against whom he makes his claim to relief—such absence does not, under section 69, supra, extend the time within which he must bring an action to enforce his rights; in other words, section 69, supra, has no ap-

plication where, regardless of the absence from the state of the party against whom one has a right of action to enforce some legal right, such legal right can be fully enforced through a decree acting directly upon property within this state, and which decree can rest upon constructive service of process.    Taylor v. Mc-Gill, supra; Boro v. Hidell, 122 Tenn. 80, 120 S. W. 961, 135 Am. St. Rep. 857; Omaha, etc., v. Parker, 33 Neb. 775, 51 N. W. 139, 29 Am. St. Rep. 506; Hogaboom v. Flower, 67 Kan. 41, 72 Pac. 547.    The Nebraska court says:

"If the right to bring an action during the defendant's absence was not suspended, * * * the statute was not available as a defense."

The Kansas court says:

"The fact that the holder of the legal title was absent from the state did not prevent her [plaintiff] from enforcing such lien by a proper action at any time after the maturity of the debt."

[9] In the present case appellant seeks two things—to be allowed to redeem from the prior mortgage, and to foreclose his own mortgage.    His right to redeem from the first mortgage was a right entirely separate and distinct from his right to fore-close his mortgage, and was a right which he might have enforced in a separate action at any time since his right to redeem came into existence.

[10] Personal service upon the person or persons from whom redemption was sought was never necessary in order to give to the courts of this state jurisdiction to enter a decree which would fully determine and protect appellant's rights as a redemptioner.

[11] Furthermore, as shown by appellant's prayer, no per-sonal judgment for deficiency upon foreclosure was sought, and therefore the courts of this state could, at any time after his right to foreclose arose, have granted to him all the relief he now seeks—both that pertaining to redemption and to fore-closure—and could have granted all this relief, though personal service of process could not have been made upon a single de-fendant.

It therefore being clear that the statute of limitations had, long prior to the commencement of this action, barred appellant's right to the relief sought herein, it becomes unnecessary to con-

sider further than we already have any of the errors urged upon this appeal.

The former decision of this court herein is reversed, and the judgment of the trial court affirmed.

SMITH, J. (dissenting.) This case is before us on petition for rehearing, and believing as I do that the conclusion reached by the last majority decision was erroneous, I take this opportunity to state the reason for my dissent, which was noted when the majority opinion was handed down. In my judgment, the fundamental error in that decision is in the assumption that an action by a junior mortgage lienholder to redeem from a prior mortgage lien, *affects,* or that the decree in such action, acts "diretly upon, *property within this state."* I base my dissent upon the proposition that an action by the junior to be subrogated to the rights of the senior lienholder, does not act directly, or at all, upon the title or possession of the real property, and that the action is *in personam,* the subject matter of which is merely a chose in action and is personal property, which follows the domicil of a nonresident owner. Justice Whiting is correct in saying that in this case, the right of subrogation by redemption is entirely distinct from the right to foreclose appellant's junior mortgage. This leaves but the single question, whether the nonresidence of the senior mortgage lienholder tolls the ten year statute of limitation, and this depends upon whether jurisdiction of the nonresident lienholder can be obtained by substituted service under the statutes of this state.

In actions in rem or quasi in rem, a court may acquire jurisdition of nonresident defendants, by service or publication in the manner authorized by statute. Actions quasi in rem, though brought against persons, are such as only seek to subject certain property of those persons to the discharge of claims asserted or to affect the title of the property itself. All proceedings having for their sole object the sale or other disposition of the property of a defendant to satisfy the demands of the plaintiff or which affect the title or status of property, are in a general way, designated as *quasi in rem.* But it is only by virtue of its jurisdiction of property within the state, that its tribunals can inquire into a nonresident's obligations to its own citizens, or those of a sister state, and the inquiry can then proceed only so far as may be

necessary for the disposition of the property itself. If non-residents possess no property which is within the state, there is nothing upon which its tribunals·can act. So necessarily such tribunals can have no jurisdiction to pass upon the obligations or statutory rights of nonresidents, except to the extent and for the purpose mentioned. Freeman v. Alderson, 119 U. S. 185. As to taxation of debts due to nonresidents see Buck v. Beach, 206 U. S. 392, 11 A. & E. Ann. Cas. 732, and note. Subd. 4, Sec. 112, Code Civ. Proc. provides that jurisdiction of a nonresident defendant may be acquired through service by publication, when the subject of the action is real or personal property *within this state*, and the relief demanded consists in excluding the defendant from any interest or lien *therein.*. The validity of this statute is sustained by the above decision. It is indispensable however, that the property affected, whether real or personal, be within the state. In this case, it is clear that the real estate itself, is not the subject of the action, because neither the real estate, its possession, nor the legal title, is involved. The only remedy sought is an enforcement of the right of a junior lienholder to·be subrogated to the rights of a senior lienholder, upon payment of the amount due and secured by the senior lien. The subject matter of the action is the indebtedness and the senior lien. Neither the real property itself, nor the legal title, nor right of possession, is in any way affected by the judgment of subrogation. Both the real estate and the legal title and possession remain as they were before, subject to the two liens, which may become in a sense, consolidated in the junior lienholder by the redemption decree.

This case stands precisely as though no action of foreclosure had ever taken place, so far as the rights of both' lienholders are concerned. The existence of the junior lien is the foundation upon which rests the right to the remedy by subrogation, and to a decree establishing that right. The question here must be considered exactly as it would be if the owner of the legal title in possession, and the owner or holder of the senior lien, were two entirely distinct persons. The owner of the legal title, whether in possession or out of posession, is neither a necessary nor a proper party to this action, for he has no interest in either of the liens, nor in the ownership of the lines, and his title or rights are not affected by any judgment which can be entered adjudicating the

rights of the two lienholders. Let us suppose that A is the owner of the legal title and in possession of the land; that B owns the senior mortgage, and C. the junior mortgage. No possession nor any hostitle assertion of title by A, can start running any statute of limitation which might bar rights which exist only as between B and C. The indebtedness and the lien which belong to B are personal property. By the action, C seeks only to acquire B's title to the indebtedness evidence and secured by the senior mortgage. It is plain, I think, that the action therefore deals with and affects only personal property. Does that personal property remain "within the state," when the owner becomes a nonresident of the state, so that it becomes "personal property within the state," contemplated by Subd. 4, Sec. 112? I hardly see how it could be so held. The rights of subrogation by redemption, is a valuable but intangible right and chose in action, and is personal property. Dunley v. Toledo A. A. & G. T. Ry. Co., 50 Mich. 470, 15 N. W. 555; Seaman v. Clark, 69 N. Y. Supp. 1002; Power v. Harlow, 57 Mich. 107; Battishill v. Humphrey, 64 Mich. 494, define various rights or choses in action. A chose in action is *property* within the meaning of a statute which authorizes service by publication on a nonresident who has property in the state. Winfree v. Bagley, 102 N. C. 515. It is of course conceded, that actions which seek to *enforce* liens upon property, real or personal; actions for specific performance of contracts; actions to remove cloud from title, *when the property sought to be affected is within the state,* may be maintained against nonresidents upon substituted service, as also actions to determine the civil status and capacity of inhabitants of the state. The indispensable element in all cases however, is that the particular property or the status of the person must be affected, and such person or property must be within the jurisdiction of the state. The nonresidents in this case were the owners of the senior lien, and of the indebtedness which it secured. It may be conceded that the owners of real property affected by the senior lien, or another lienholder upon the same property, may maintain an action against any one or all of such nonresidents to foreclose his lien or to "exclude the defendant from any lien in the real property," which means to extinguish the lien—when the real property is within the state, and the title or possession may be

directly affected by the decree.   But in an action for subrogation by redemption, the senior lien is merely personal property, the situs of which is the home of its owner.   The purpose of an action by a junior mortgage lienholder to redeem from a senior mortgage lien, is to deprive the senior lienholder of his personal property, and to vest his title thereto, in the junior lienholder. Can this be done when the personal property, the "intangible chose in action," possessed by the senior lienholder, has no other situs than his foreign domicile, and therefore is not personal property "in the state?"

I concede the statute may warrant such service in an action where its purpose is the *extinction* of a lien or its foreclosure, because the property affected is in the state, and is relieved from the lien—but can one lienholder so appropriate a nonresident's debt and lien, in invitum?   I have found no case which so holds.   All the authorities I have found hold such an action to be *in personam,* and no case has been found which holds it *quasi in rem.*   It is conceded I think, that the weight of authority sustains the view first announced by this court.   It seems to me sound, and we should not adopt a new or different rule upon some principle not heretofore recognized or applied.

Justice Whiting suggests that "the reason" for this rule has ceased to exist, and that the rule itself has therefore "ceased to exist."   But the "reason" for this rule now, as it has always been, is founded in the constitution of the state, and can only *cease to exist* when the Constitution itself has ceased to exist, because of misconstruction by the courts, or its repeal by the sovereign will of the people themselves.