BERT B. BUSBY, Respondent v. SHAFER, Appellant
MARJORIE BUSBY, Respondent v. SHAFER, Appellant

(66 N. W.2d 910)

(File Nos. 9458-9460. Opinion filed November 23, 1954)

**Whiting, Wilson & Lynn,** Rapid City, for Defendant and Appellant.

**Hanley & Costello,** Rapid City, for Plaintiffs and Respondents.

ROBERTS, J.   These actions were brought to recover damages for injuries to persons and property sustained in a collision which occurred on a public highway in Pennington County, South Dakota, on August 21, 1946, between automobiles of nonresidents.   The two actions were not commenced until April 3, 1953, when service of process was made pursuant to the nonresident motorist service statute, SDC 33.0809.   That statute provides that the operation of a motor vehicle upon highways of this state by a nonresident shall be deemed equivalent to an appointment of the secretary of state to be his true and lawful attorney upon whom may be served process in any action against him growing out of such operation of a motor vehicle resulting in loss to person or property and such operation shall be deemed a signification of his agreement that any process against him may be so served and have the same legal force and validity as if served upon him personally.

Defendant interposed the defense that the statute of limitations had run prior to commencement of the actions. SDC Supp. 33.0232 prescribes a three-year limitation on an action for personal injury and a six-year limitation on an action for injury to personal property.   SDC Supp. 33.0203 provides:  "If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall

not be deemed or taken as any part of the time limited for the commencement of such action; provided that the provisions of this section shall not apply to an action for the foreclosure of any real estate mortgage, or to the foreclosure of any real estate mortgage by advertisement." Defendant was temporarily within the state when the actions accrued, but within a week left the state and has since continued to reside in the state of Arizona. The trial court concluded that within the meaning of the tolling statute the time of defendant's absence from the state since the accrual of the causes of action suspended the running of the statute. Defendant appeals asking a reversal of this ruling.

■ ■ The intent of these provisions tolling the running of the statute of limitations is to prevent a person from defeating a just claim merely by absenting himself from the state and thereby prevent service of process upon him and to give plaintiff the full period of limitation for the commencement of his action. A court may look to the policy underlying a statute and place on it a reasonable interpretation which will best accomplish its purpose rather than defeat it even though not literally within its language. Read v. Jerauld County, 70 S.D. 298, 17 N.W.2d 269. Recognizing this rule of construction, this court in Froelich v. Swafford, 35 S.D. 35, 150 N.W. 476, 479, 893, said: "Where a party has, through an action in the courts of any state, a complete and adequate remedy for the redress of a wrong or the protection of a right—a remedy the enforcement of which is unaffected by the absence from such state of the one against whom he makes his claim to relief—such absence does not, under section 69 [SDC 33.0203], supra, extend the time within which he must bring an action to enforce his rights".

■ Decisions in other states are generally to the effect that when the remedy of a party is complete and unaffected by the absence of the defendant from the state a tolling statute is without application. 34 Am.Jur., Limitations of Actions, § 221; 54 C.J.S., Limitations of Actions, § 212; see numerous cases cited in Annotations in 94 A.L.R. 485 and 119 A.L.R. 331, 859. And in accord with this majority view the decisions reason that where provision is made by statute for substituted service of process upon a state official in cases

arising out of motor accidents within the state the provision makes the defendant as amenable to process as if he resided within the state and has the effect of nullifying any statute suspending the period of limitations. Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; Coombs v. Darling, 116 Conn. 643, 166 A. 70; Scorza v. Deatherage, 8 Cir., 208 F.2d 660; Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711; Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Nelson v. Richardson, 295 Ill.App. 504, 15 N.E.2d 17; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189; see also Annotation in 17 A.L.R.2d at page 516.

Under the facts disclosed by the record, the actions were barred by the statute of limitations.

Accordingly, the judgments are reversed.

SMITH, P. J., and SICKEL and LEEDOM, JJ., concur.

RUDOLPH, J., dissents.

RUDOLPH, J., (dissenting). Following our decision in the case of Raymond v. Barnard, 71 S.D. 630, 28 N.W.2d 700, the legislature enacted a single exception to the rule provided by SDC 33.0203. Ch. 127, Laws 1949. The majority opinion now writes into the statute another exception. It is my view that such action usurps the legislative function: "* * * * where express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute. In such case, the inference is a strong one that no other exceptions were intended, and the rule generally applied is that an exception in a statute applied is that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, * * *." 50 Am. Jur., Statutes, § 434.