Richard RUSSELL, Plaintiff
and Appellant,

v.

BALCOM CHEMICALS, INC., Selco
Supply Co., and Ward Van Horn,
Defendants and Appellees.

No. 13520.

Supreme Court of South Dakota.

Argued Feb. 23, 1982.

Decided Jan. 5, 1983.

Rehearing Denied Feb. 1, 1983.

Roger Tellinghuisen and John J. Delaney of Amundson & Fuller, Lead, for plaintiff and appellant.

Acie W. Matthews of Willy, Pruitt,. Matthews, Farrell, Frankman & Johnson, Sioux Falls, for defendant and appellee Balcom Chemicals, Inc.

Franklin J. Wallahan of Hanley & Wallahan, Rapid City, for defendant and appellee Selco Supply Co.; Debra D. Watson of Hanley & Wallahan, Rapid City, on brief.

Gene R. Bushnell of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellee Van Horn; Thomas Barnes of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, on brief.

WOLLMAN, Justice.

Appellant Russell brought this action based on claims of negligence and strict liability against appellees Balcom and Selco

for injuries sustained as a result of exposure to sheep tick dust manufactured by appellees. Appellant was a minor at the time of the injury on May 4, 1975, and attained his majority on September 7, 1977. Service of the summons and complaint was not made on any of the appellees until after August 1980. All appellees appeared and by answer raised the affirmative defense of the statute of limitations, moving for summary judgment on that basis. Russell appeals from the order granting summary judgment in favor of appellees Balcom and Selco.[1] We remand.

Selco and Balcom are Colorado corporations that manufacture, formulate, and distribute ranching and agricultural products. Selco is a subsidiary of Balcom. Selco has never done business in South Dakota. Balcom claims that in 1970 it assumed a trade name, Growers Ag Service, and since that time has been doing business in Nebraska as Growers Ag Service. Balcom also claims that in 1972 it opened a warehouse in Huron, South Dakota, again electing to do business as Growers Ag Service, and since that time Growers Ag Service has been selling goods in South Dakota. Van Horn purchased the Selco brand sheep dust from a chemical company in Rapid City.

SDCL 15–2–22[2] provides that the time during which a plaintiff is an infant will not be a part of the time limited for the commencement of an action. SDCL 15–2–22 also provides that the period in which the action must be brought cannot be extended longer than one year after infancy ceases.

Appellant contends that the requirement that the action be brought within one year after infancy ceases is not applicable since neither Selco nor Balcom was present in South Dakota and that therefore the statute of limitations was tolled by virtue of SDCL 15–2–20, which provides:

If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into the state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided that the provisions of this section shall not apply to an action for the foreclosure of any real estate mortgage, or to the foreclosure of any real estate mortgage by advertisement.

Balcom and Selco maintain, however, that they were amenable to service of process at all material times and that therefore the tolling provisions of SDCL 15–2–20 do not apply.

■ A foreign corporation is generally entitled to the benefit of a statute of limitations if it has so placed itself within the state as to make itself amenable to personal service of the process of its courts. The statute will run while the foreign corporation continues to be available for service of process. See generally 36 Am.Jur.2d *Foreign Corporations* § 73 (1968). In *Busby v.*

1. At oral argument appellant announced that Van Horn is not a party to this appeal inasmuch as the applicable statute of limitations bars that action against him. SDCL 15–2–22; SDCL 26–1–1. The action against appellee Van Horn was based on his alleged negligence in failing to give appellant adequate safety instructions when directing the use of the dust.

2. SDCL 15–2–22 provides:
   If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, be at the time the cause of action accrued, either:
   (1) Within the age of minority as defined in chapter 26–1;

(2) Mentally ill; or
(3) Imprisoned on a criminal charge; or in execution under the sentence of a criminal court for a term less than his natural life; the time of such disability is not a part of the time limited for the commencement of the action.

The period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases.

The provisions of this section shall not apply to actions for the foreclosure of any real estate mortgage, by action or by advertisement.

*Shafer*, 75 S.D. 428, 66 N.W.2d 910 (1954), this court held that a nonresident motorist is subject to substituted service of process if involved in an accident in this state, no matter how fleeting his presence here. We said, "[W]here provision is made by statute for substituted service of process . . . the provision makes the defendant as amenable to process as if he resided within the state and has the effect of nullifying any statute suspending the period of limitations (citations omitted)." 75 S.D. at 430–31, 66 N.W.2d at 911. The rationale of *Busby*, although not totally controlling, applies in this case, provided that Balcom and Selco were amenable to process within the state.

Both Balcom and Selco maintain that since plaintiff's injuries occurred in South Dakota they were amenable to process at any time material herein under both SDCL 15–7–2 and SDCL 47–8–17.[3] SDCL 15–7–2 provides in part:

Any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through any employee, or through an agent, any of the following acts:

.  .  .  .  .

(2) The commission of any act which results in accrual within this state of a tort action[.]

.  .  .  .  .

SDCL 47–8–17 provides:

If a foreign corporation makes a contract with a resident of South Dakota to be performed in whole or in part by either party in South Dakota, or if such foreign corporation commits a tort in whole or in part in South Dakota against a resident of South Dakota, such acts shall be deemed to be doing business in South Dakota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of the state of South Dakota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of South Dakota.

Appellant contends that constitutional considerations render these statutes inapplicable to the present case.

In *Marsh v. Tillie Lewis Foods, Inc.*, 254 F.Supp. 490 (D.S.D.1966), the federal district court for South Dakota determined the effect of the provisions of what is now SDCL 47–8–17. The court determined that notwithstanding the presence of the statute, in a case where only the injury occurs in South Dakota and all of the acts in the chain of events leading to the injury occur outside the state, the requisite minimal contacts are absent and the due process clause of the fourteenth amendment bars the state from asserting jurisdiction over the nonresident corporate defendant. Numerous jurisdictions have held contrary to this holding, see Annot., 24 A.L.R.3d 532 § 15 (1969), and we decline to follow the principle announced in the *Marsh* case.

■ The United States Supreme Court has promulgated standards for states attempting to exercise jurisdiction over nonresidents.[4] In *International Shoe Co. v.*

---

**3.** Balcom contends that it was transacting business within the state and, therefore, was also amenable to process pursuant to SDCL 15–7–2(1). Our holding with regard to amenability to process makes it unnecessary to address the contention.

**4.** This court has examined the line of United States Supreme Court cases beginning with *International Shoe Co. v. Washington,* supra, and has extracted three rules for guidance in determining whether to exercise jurisdiction over nonresidents. These rules are:

(1) The nonresident defendant must purposely do some act or consummate some transaction in the forum state. . . . (2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. . . . (3) The assumption of jurisdiction by the forum state must not of-

*Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court held that states could exercise jurisdiction if the nonresidents had such "minimum contacts" with the state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). Due process requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Due process also requires that the defendant's conduct and connection with the forum state be such that he should reasonably anticipate being haled into court there. *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

In *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court held that an Oklahoma state court could not exercise personal jurisdiction over a New York automobile retailer and distributor when an automobile sold by the New York defendant was involved in an accident while passing through Oklahoma. The Court observed that the defendant solicited no business in Oklahoma either through salespersons or through advertising reasonably calculated to reach the state. Unlike the case at hand, the product in *World-Wide Volkswagen* was neither purchased within the forum state nor was it purchased by a resident of the forum state.

■ Our consideration of the long-arm statutes and judicial principles, as well as our recognition of the trend to expand the states' powers to impose jurisdiction over

nonresidents, leads us to conclude that both Balcom and Selco were amenable to process within the state. Amenability to process, however, is not the only factor determinative of whether the statute of limitations has been tolled.

In *G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 410, 102 S.Ct. 1137, 1142, 71 L.Ed.2d 250, 257 (1982)[5], the Supreme Court commented:

> [T]he unrepresented foreign corporation remains potentially difficult to locate. Long-arm jurisdiction does not alleviate this problem, since a . . . plaintiff must find the unrepresented foreign corporation before it can be served. . . . [There is] a reasonable assumption that unrepresented foreign corporations, as a general rule, may not be so easy to find and serve.

We also recognize the possible difficulty in locating unrepresented foreign corporations. In *Lipe v. Javelin Tire Co., Inc.,* 96 Idaho 723, 536 P.2d 291 (1975), the Supreme Court of Idaho held that the statute of limitations would not be tolled by a foreign corporation's absence if the foreign corporate defendant could have been served with process outside the state under the long-arm statute and could have been located for service of process by reasonably diligent efforts.

We believe that the *Lipe* rule sufficiently addresses the concern of the possible difficulty in locating foreign corporate defendants. Since the record is unclear whether Balcom and Selco could have been located for service of process within the limitation period by reasonably diligent efforts, we remand the case to the circuit court for consideration of that issue.

In view of Judge Brandenburg's recent retirement, the case must be considered by another circuit judge. If upon considera-

---

fend traditional notions of fair play and substantial justice. . . .
*Drier v. Perfection, Inc.,* 259 N.W.2d 496, 501 (S.D.1977) (quoting *Ventling v. Kraft,* 83 S.D. 465, 471, 161 N.W.2d 29, 32 (1968)).

5. This case dealt with the constitutionality of a New Jersey statute which tolls the limitation period for an action against a foreign corporation that is amenable to jurisdiction in New Jersey but that has no person or officer within the state on whom the process may be served.

tion of the issue on which we are remanding the trial court is satisfied that Balcom and Selco could have been located for service by reasonably diligent efforts within the limitation period, the summary judgment is affirmed. If the trial court finds otherwise, the summary judgment is reversed and the case will proceed for trial.

We remand.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

I dissent.

Plaintiff was born on September 7, 1959, and was 15 years old when allegedly injured on May 4, 1975, by exposure to and inhalation of sheep tick dust on a ranch in South Dakota. He attained his majority at the age of 18 on September 7, 1977. Thus, plaintiff was a minor when his cause of action accrued.

Selco Supply Company and Balcom Chemical, Inc., defendants, were served on October 6, 1980, and September 5, 1980, respectively. SDCL 15–2–22 is applicable and required plaintiff to bring his action within one year after he attained his majority. Having failed to do so, his cause of action is barred by the statute of limitations and the trial court properly granted summary judgment. I would affirm the trial court.

Plaintiff attempts to circumvent SDCL 15–2–22 by relying upon SDCL 15–2–20 claiming, essentially, that the one year was tolled inasmuch as Selco Supply Company and Balcom Chemical, Inc., were not amenable to process. I disagree. Under SDCL 15–7–2, this State's long-arm statute, and SDCL 47–8–17, the latter a long-arm statute relating to foreign corporations doing business in South Dakota, both defendants could have and should have been served. Why was no attempt made to serve our Secretary of State? Plaintiff failed to avail himself of the protections afforded under these statutes. He was not diligent in seeking service upon defendants who were subject to the jurisdiction of the South Dakota courts. *See Hammel v. Bettison,* 362 Mich. 396, 107 N.W.2d 887 (1961). *See also, Hurwitch v. Adams,* 52 Del. (2 Storey) 13, 151 A.2d 286 (1959). Plaintiff can be legally forgiven for not suing out his lawsuit when he was a minor and for one year thereafter but not for the additional two years. If plaintiff attempted to effect service upon defendants, it is not aptly demonstrated by the record herein.*

Plaintiff's pleadings sound in tort. The tort allegedly arose in South Dakota. And the negligence (failure to warn of poisonous sheep tick dust) is alleged to have occurred, or continued, within South Dakota. It is undisputed that plaintiff was, at all times relevant hereto, a resident of the State of South Dakota.

---

* Motion Hearing contents, Circuit Court, Eighth Judicial Circuit, Honorable R.E. Brandenburg presiding, May 21, 1981, at 3:02 p.m., page 19:

   THE COURT: I doubt very much if when this case hit your office that you had too much trouble finding out where to make service.

   MR. TELLINGHUISEN (counsel for plaintiff); We didn't when we went to the parent corporation outside the state, Your Honor.

   THE COURT: That's what I'm getting at. If they had minimal contact within the state, you didn't have too much trouble finding out who they were and how to get service on them.