**John E. BURKE, Plaintiff and Appellee,**

**v.**

**Joe FOSS, Defendant and Appellant.**

**No. 14007.**

Supreme Court of South Dakota.

Considered on Briefs April 18, 1983.

Decided June 8, 1983.

---

Sidney B. Strange of Strange, Strange & Palmer, Sioux Falls, for plaintiff and appellee.

John Simko of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for defendant and appellant.

HERTZ, Circuit Judge.

Appellee Burke commenced this action against appellant Foss to recover legal fees for services rendered in a divorce action. The services included two court trials, an appeal and several post-trial hearings. Foss appeared and by answer raised the affirmative defense of the statute of limitations. The trial court entered judgment in the amount of $6,000.00. Foss appeals from this judgment. There is no transcript other than Burke's deposition, which was taken for use at the trial. We reverse and remand with directions to the trial court to enter a judgment dismissing Burke's complaint.

The complaint alleges that Burke performed certain legal services on behalf of and at the request of Foss between the years 1966 and 1971, and that the reasonable value of such services was $6,000.00. The complaint was orally amended to allege: "to request interest at the prevailing legal rates on the sum of six thousand dollars from and after February 1, 1972, which is the date which allegedly that the statement for services to Mr. Burke matured." The original complaint further alleged that Foss has resided outside the state of South Dakota from 1968 to the present time.

Service of the summons and complaint was made on Foss on May 1, 1978, under our long-arm statute, SDCL 15–7–2.

The Burke deposition, besides enumerating the legal services rendered to Foss, contains the following pertinent questions and answers:

Q. All right. Now, as of February, 1972, had each and every provision of Judge Burns' original Divorce Decree been complied with fully by Mr. Foss due to your efforts?

A. Yes.

Q. Was anything left undone?

A. Not to my knowledge.

Q. Had you—had Mr. Foss asked you to do any legal work which remained unaccomplished on the 1st of February, 1972?

A. No.

Q. Did you perceive any items of legal work that should have been done but were not done by yourself on February 1st, 1972, in connection with your entire representation of Mr. Foss?

A. No.

On July 2, 1971, Burke gave notice to the court and record counsel for Mrs. Foss that

he "has hereby withdrawn as counsel and attorney of record for and in behalf of said Plaintiff, Joseph J. Foss."

No legal services were performed after February 1, 1972, except that one letter was written by Burke on September 8, 1972, to the Stock Transfer Division of the Northwestern National Bank of Minneapolis. The letter was written at the request of a Mr. M.B. Stevens, Vice President of Raven Industries, Inc., for the purpose of explaining a possible lien (alimony and support) on all of the Raven stock which had been awarded to Foss under the divorce decree. As a matter of fact, this lien had already been released by a filed written order signed by both the trial judge and Burke on June 28, 1971. The lien was ordered released by reason of the death of June Foss on November 29, 1970. Another letter was written by Burke's secretary on February 7, 1973, the pertinent portion of which reads:

> Mr. Fisher is presently out of the city and will not return for several days. In talking with Jack Burke, who has also represented Mr. Foss in the past, he stated that I should give you Mr. Foss' current address since it is not known whether or not this office represents him at this time. His address is: 6001 North 56th Street, Scottsdale, Arizona 85253.

The secretary's letter was in response to a letter from attorney W.P. Vogt, wherein Mr. Vogt inquired concerning whether Burke's office could obtain a satisfaction of a judgment against Foss as a result of the divorce proceedings, in order to clear title to eighty acres being probated and sold in the Jacob J. Foss estate.

As is quite apparent, neither of these two letters was written at the request of Foss, nor does it appear Foss knew that the letters were written, nor was any compensation paid by Foss or claimed by Burke.

The trial court found in its Finding XI:

> That the letters written by plaintiff or plaintiff's agents during 1972 and 1973, received in this action as Exhibit 7, resulted in a net financial benefit for the defendant and were clearly a continua-

tion of the divorce action that was commenced in 1965.

Upon this finding the trial court concluded:

> That the six (6) year statute of limitations applicable to the subject matter of this lawsuit had not expired at the time defendant was served with the Summons and Complaint herein.

We conclude that the trial court's finding and conclusion is clearly erroneous under the record before us. SDCL 15–6–52(a).

In support of the trial court's judgment, Burke contends, first, that the established non-residency of Foss since 1968 activated the tolling provisions of SDCL 15–2–20, and therefore the personal service on Foss in Arizona on May 1, 1978, conferred the necessary jurisdiction. Secondly, it is contended that even if SDCL 15–2–20 is found not to be tolled, the action was still timely because the two letters dated September 8, 1972, and February 7, 1973, constituted a continuation of legal services, thereby barring the defense of the statute of limitations.

Neither of these contentions can withstand a close scrutiny of the facts and the prevailing law in such cases.

With respect to the tolling issue, this court has in the past consistently held, under differing factual situations, but with reasoning equally applicable here, that mere absence of the defendant from the state does not alone activate the tolling provisions of SDCL 15–2–20. Defendant's absence from the state must also be coupled with the inability of the plaintiff to pursue his remedy because of the absence. *Chipperfield v. Woessner*, 84 S.D. 13, 166 N.W.2d 727 (1969); *Busby v. Shafer*, 75 S.D. 428, 66 N.W.2d 910 (1954). In the recent case of *Russell v. Balcom Chemicals*, 328 N.W.2d 476 (S.D.1983), this court said:

> In *Busby v. Shafer*, 75 S.D. 428, 66 N.W.2d 910 (1954), this court held that a nonresident motorist is subject to substituted service of process if involved in an accident in this state, no matter how fleeting his presence here. We said, "[W]here provision is made by statute for

substituted services of process ... the provision makes the defendant as amenable to process as if he resided within the state and has the effect of nullifying any statute suspending the period of limitations. (Citations omitted.)

328 N.W.2d at 477–78. It should be noted that in *Russell v. Balcom* the case was remanded to the trial court to obtain a factual determination whether or not the corporate defendant could have been served with process outside the state under the long-arm statute and could have been located for service of process by reasonably diligent efforts, but otherwise the opinion held fast to the legal principles above stated.

In *Chipperfield v. Woessner, supra,* we said:

Statutes of limitations are necessarily arbitrary. That is their nature. They are regarded as statutes of repose designed to eliminate fraudulent and stale claims and operate against those who sleep on their rights.... This court has said that a defense based on a statute of limitations is meritorious and should not be regarded with disfavor. It should be treated like any other defense.

166 N.W.2d at 728.

■ To accept appellee's reasoning would permit Burke to defer the commencement of his action indefinitely to the almost certain prejudice of Foss, and would render nugatory the provisions for personal service of non-residents under our long-arm statute. SDCL 15–7–2, 15–7–3. Further, it would defeat the purpose of the statute of limitations, namely, the speedy and fair adjudication of the respective rights of the parties. The important consideration is whether personal service can be made in defendant's absence sufficient to confer the jurisdiction required to support a personal judgment. In this case personal jurisdiction is assured under SDCL 15–7–2(5).

The pivotal question then to be determined is on what date the six year statute commenced to run. Burke filed a notice of withdrawal as attorney for Foss on July 2, 1971. Burke himself testified that as of February 1, 1972, all matters concerning the divorce action had been fully completed. By amending his complaint to include interest from February 1, 1972, Burke admitted termination of all legal services as far as the divorce action was concerned. Thus, the six years, whether running from July 2, 1971, or February 1, 1972, would have expired by May 1, 1978, when Foss was served in Arizona, thereby effectively barring the cause of action. Burke admitted he was at all times aware of the whereabouts of Foss during the pertinent period herein.

■ To finally determine this matter, we must decide whether or not the two letters, one by Burke on September 8, 1972, and one by his secretary on February 7, 1973, constituted "continuing legal services" as found by the trial court.

In resolving an issue of this nature, each case must be determined on its own particular facts, the intention of the parties being the crucial consideration.

■ "Generally speaking, the statute of limitations commences to run against a claim for legal services at the time the employment was terminated." 60 A.L.R.2d 1009 (1958). Termination can be affected in various ways, such as the death of a party, discharge of the attorney, withdrawal of the attorney, and of course, contractual stipulation or the completion of the services.

Under whatever definition is applied to the phrase "continuing legal services," the two letters in this case cannot come within its reach. There are at least four valid reasons for this conclusion. First, Burke himself acknowledged under oath that as of February 1, 1972, all divorce proceedings had been fully and completely accomplished and that nothing remained undone. Second, on July 2, 1971, Burke gave notice to the court and counsel for Mrs. Foss that he had withdrawn as counsel for Foss. Third, by orally amending his complaint to include interest from February 1, 1972, Burke verified the maturation of his legal services. Fourth, and perhaps most important of all, the two letters were written by Burke and his secretary without Foss's re-

quest, knowledge or consent. Burke obviously could not unilaterally create a contract for legal services. Beyond that, the letters themselves did not pertain to any of the legal services contracted for by Foss. They were simply responses to queries by third persons concerning matters bearing no direct relationship to the divorce action.

Accordingly, the judgment is reversed and the case is remanded to the trial court with directions to enter judgment dismissing the complaint.

WOLLMAN, MORGAN and HENDERSON, JJ., and McKEEVER, Circuit Judge, concur.

HERTZ, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

McKEEVER, Circuit Judge, sitting for DUNN, J., disqualified.