2000 SD 76

**Thaddeus OPENHOWSKI, Plaintiff and Appellee,**

v.

**Alex MAHONE, Defendant and Appellant.**

**Grinnell Mutual Reinsurance Company, Plaintiff and Appellant,**

v.

**Robert E. Mahone, Annette Mahone and Alex Mahone, Defendants,**

and

**Thaddeus Openhowski, Defendant and Appellee.**

Nos. 21133, 21148.

Supreme Court of South Dakota.

Considered on Briefs April 25, 2000.

Decided June 14, 2000.

Lon J. Kouri and John H. Billion of May, Johnson, Doyle & Becker, Sioux Falls, for plaintiff and appellant Grinnell Mutual Reinsurance Company.

Melanie L. Carpenter of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellant Alex Mahone.

Brian L. Radke of Radke Law Office, Sioux Falls, for plaintiff, defendant and appellee Thaddeus Openhowski.

BASTIAN, Circuit Judge.

[¶ 1.] Alex Mahone (Alex) and Grinnell Mutual Reinsurance Company (Grinnell) each submitted petitions for intermediate appeal to this Court from orders denying their individual motions for summary judgment. We granted the petitions and consolidated them for review. We reverse the orders of the trial courts and remand with instructions.

### PROCEDURAL HISTORY

[¶ 2.] Both actions derive from an injury allegedly suffered by Thaddeus Openhowski (Openhowski), a police officer, when he attempted to arrest Alex at the home of his father, Robert Mahone (Robert) on September 26, 1995. Openhowski gave notice of a claim against Robert's homeowner's insurance policy with Grinnell. Grinnell commenced a declaratory judg-

ment action against Robert, Robert's wife, Annette (Annette), Alex and Openhowski. Grinnell alleged it had issued a homeowner's policy to Robert that was in effect on the date of the alleged injury. Grinnell further alleged Robert was the insured under the policy, Alex was not an insured, and the actions of Alex were therefore excluded from coverage. Grinnell sought a judgment declaring the rights, duties, obligations and legal relations of the parties relative to the insurance coverage and a determination that it had no duty to defend Robert, Annette or Alex. All four defendants were personally served with the summons and complaint in June and July 1997.

[¶ 3.] Openhowski answered Grinnell's complaint in a timely manner. Robert, Annette and Alex did not answer or make any appearance. Grinnell brought a motion for default judgment against Robert, Annette and Alex. Grinnell filed a motion for summary judgment against Openhowski on the grounds that his claim had expired September 26, 1998, and was therefore barred by the statute of limitations. The trial court denied the motions and Grinnell appeals.

[¶ 4.] Openhowski filed a personal injury action against Alex in October 1997, claiming Alex negligently caused his injuries when he attempted to arrest him September 26, 1995. The summons and complaint were delivered to the Minnehaha County sheriff's office in September 1997. They were returned without service October 2, 1997. Upon Openhowski's motion and affidavit claiming that personal service on Alex could not be obtained, the trial court ordered service by publication. No publication occurred, however, and the action did not commence.

[¶ 5.] On September 18, 1998, a summons and complaint were again delivered to the Minnehaha County sheriff's office for service on Alex. The documents were returned without service December 9, 1998. In the meantime, on November 13, 1998, the trial court granted Openhowski's second motion and affidavit for service by publication. The summons was published for four consecutive weeks commencing November 20, 1998.

[¶ 6.] In January 1999, Openhowski filed a motion for default judgment. Alex filed an answer February 1, 1999, and the motion was withdrawn. Alex then filed a motion for summary judgment asserting that Openhowski's claim was barred by the statute of limitations. The trial court denied the motion and Alex appeals.

[¶ 7.] In both cases, Openhowski opposed the motions for summary judgment by affidavits generally stating that Alex had absconded to Denver, Colorado to avoid warrants of arrest and was unwilling to return to Sioux Falls.

## DECISION

[¶ 8.] **Whether the trial courts erred in denying the motions for summary judgment.**

[¶ 9.] In support of their separate motions for summary judgment, Alex and Grinnell allege that Openhowski failed to commence his personal injury claim within the time required by the applicable statute of limitations.

[¶ 10.] The standard for summary judgment is well settled.

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which

supports the ruling of the trial court, affirmance of a summary judgment is proper.

In response to a summary judgment motion where the defendant asserts the statute of limitations as a bar to the action and presumptively establishes the defense by showing the case was brought beyond the statutory period, the burden then shifts to the plaintiff to establish the existence of material facts in avoidance of the statute of limitations. Summary judgment is proper on statute of limitations issues only when application of the law is in question, and not when there are remaining issues of material fact.

*Wissink v. Van De Stroet,* 1999 SD 92, ¶ 9, 598 N.W.2d 213, 215 (internal citations omitted).

[¶ 11.] Statutes of limitations are necessarily arbitrary. *Chipperfield v. Woessner,* 84 S.D. 13, 166 N.W.2d 727, 728 (1969). They are regarded as statutes of repose designed to eliminate fraudulent and stale claims and operate against those who sleep on their rights. A defense based on a statute of limitations is meritorious and should not be regarded with disfavor, rather it should be treated like any other defense. *Id.*

[¶ 12.] Pursuant to SDCL 15–2–14(3), Openhowski's action to recover for an alleged personal injury must be commenced within three years after the cause of action accrues. Openhowski alleges the injury occurred September 26, 1995. Thus, absent some tolling statute, the limitations period expired September 26, 1998.

[¶ 13.] On September 18, 1998, Openhowski delivered the summons, with the intent that it be served, to the sheriff's office of Minnehaha County, the county in which Alex last resided. Pursuant to SDCL 15–2–31, Openhowski's attempt to commence the action on September 18, 1998, "is deemed equivalent to the commencement thereof" provided the attempt is "followed by the first publication of the summons, or the service thereof, within sixty days" of the delivery of the summons to the sheriff's office.* As noted, personal service was not obtained. The summons was first published November 20, 1998, sixty-three days after Openhowski attempted to commence the action. Again, absent some tolling statute, the limitations period expired on November 17, 1998.

[¶ 14.] Openhowski argues the applicable tolling statute is SDCL 15–2–20. This statute provides in pertinent part:

> If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action[.]

[¶ 15.] This Court has held that the defendant's mere absence from the state does not activate the tolling provisions of SDCL 15–2–20. *Burke v. Foss,* 334 N.W.2d 861, 863 (S.D.1983). The absence of the defendant from the state must be coupled with the plaintiff's inability to pursue his remedy because of the absence. *Id.* (citations omitted.)

[¶ 16.] Where provision is made by statute for substituted services of process, the provision makes the defendant as ame-

---

* SDCL 15–2–31 provides:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

nable to process as if he resided within the state and has the effect of nullifying any statute suspending the period of limitations. *Id.* at 863–64 (citing *Busby v. Shafer*, 75 S.D. 428, 66 N.W.2d 910 (1954)).

[¶ 17.] Service by publication is not available in all civil cases but may be used in the actions and circumstances specifically described in SDCL 15–9–8 to 15–9–15, inclusive. Service by publication was granted to Openhowski pursuant to SDCL 15–9–13. The statute allows a summons to be served by publication "where the defendant, being a resident of this state, has departed therefrom ... to avoid the service of a summons or keeps himself concealed therein with like intent." Thus, the statute allowed Openhowski to serve Alex despite his absence from the state. Substituted service by publication could have been made in Alex's absence sufficient to confer the jurisdiction required to support a personal judgment. *See Burke, supra.* Thus, under the facts of this case SDCL 15–2–20 did not toll the statute of limitations and the limitations period expired November 17, 1998.

[¶ 18.] There are no issues of material fact. We find that Openhowski failed to commence his personal injury claim within the time required by the applicable statutes of limitation.

[¶ 19.] Because of our resolution of this issue, we need not address the second issue raised by Grinnell.

[¶ 20.] The decisions of the trial courts denying summary judgment are reversed. The cases are remanded with instructions that a judgment dismissing each case be entered in favor of Alex and Grinnell.

[¶ 21.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 22.] BASTIAN, Circuit Judge, for SABERS, Justice, disqualified.